## BACON v. LEE AND GRAY.

Where usury is pleaded as a defence, and the plaintiff is called upon to reply under oath, as to the usury, such sworn replication does not render the defendant incompetent to testify as to the usury.

Where in an action to foreclose a mortgage, executed to secure the payment of two promissory notes, brought by the indorsee of the notes against the makers, the defendants pleaded usury, and called upon the plaintiff to reply under oath, as to the time of the transfer of the notes, and the consideration of such transfer, which he did; and where on the trial, one of the defendants was offered as a witness, to prove the usurious consideration of the notes, to which the plaintiff objected, but the objection was overruled, and the defendant permitted to testify; *Held*, That the witness was properly admitted to testify.

A penalty provided by statute against an act, renders the act illegal, though not expressly prohibited. The penalty amounts to a prohibition.

While the act to regulate interest on money, passed in 1853, does not expressly declare that the usurious contract shall be wholly void, the same end is reached, and the same effect is given to its provisions, by declaring that in *no case*, where unlawful interest shall be contracted for, shall the plaintiff, in a suit brought upon the contract, have judgment for more than the principal sum loaned.

Usury may be pleaded in an action on the usurious contract, when brought in the name of an indorsee, or innocent, *bona fide* holder.

When the answer or replication of a party, is required to be made under oath, as to any matter stated in the previous pleadings, and responsive to it, such answer or replication is evidence conclusive, in favor of the party making the same, as to the matters of fact about which the opposite party seeks a disclosure, unless it is overcome by the testimony of two witnesses, or by one witness, corroborated by other circumstances and facts, which give to such testimony a greater weight than such answer or replication, or which are equivalent in weight to one witness.

A replication under oath, which neither admits nor denies the facts stated in

the pleading to which it is a reply, and in which the party making it, alleges that he possesses no knowledge, and has no means of knowledge, as to such facts, and calls upon the opposing party to prove the facts stated in the answer, is no testimony upon the facts in controversy, and cannot have the same effect as the testimony of a witness.

A replication under oath to matter stated in the answer, as to which no such reply was called for, is not evidence for the party making such replication.

*Appeal from the Dubuque District Court.*

PETITION in Chancery to foreclose a mortgage given by defendants, to secure the payment of two notes, one dated February 25th, 1855, and the second, dated May 3d, 1855, each for the sum of $1,250, and payable in one year from date, to N. W. Capwell, and indorsed to plaintiff, February 12th, 1856. The defence was usury. The defendants admitted the making of the notes, and the execution of the mortgage to secure their payment, and aver that Capwell, the payee, lent and advanced to the defendants two thousand dollars—for the loan and forbearance of which, he was to receive interest at the rate of twenty-five per centum per annum, and for the payment of said sum of money, with interest after the rate aforesaid, the notes were given. They require the plaintiff to reply under oath to their answer, and to state whether the notes were or were not transferred to him in good faith; whether he was aware at the time he received them, that they were given upon a usurious consideration; and whether or not the transfer to him was made in order that suit might be brought in his name as assignee, to prevent defendant from making his defence; and also to state the time and place when and where the transfer was made, and the consideration paid by him. The plaintiff replied under oath, and denied all knowledge of the alleged usury; that the notes were purchased by him for a good and valuable consideration paid, in good faith, and without any knowledge or suspicion, that there was an agreement for the payment of usury between the payee and makers; and that the amount paid by him to Capwell for

the notes was the sum of $2,463.54, at Rockford, Illinois, on the 12th February, 1856, when the indorsement was made. On the trial, Lee, one of the defendants, was offered as a witness, to prove the usurious consideration of the notes sued on. The plaintiff objected to his being sworn as a witness. The objection was overruled by the court, and Lee permitted to testify. Judgment was rendered for the plaintiff for $2,000, the principal sum loaned, without either interest or costs. Plaintiff appeals, and assigns the following errors :

1. The court erred in allowing Lee to testify in relation to the usury.

2. The court erred in allowing any defence of the nature of usury to be set up in this cause.

3. The court erred in finding the contract usurious between the original parties, on the testimony of only one witness, over the sworn replication of the plaintiff.

4. The court erred in holding the law of 1853, applicable to commercial paper, in the hands of an innocent holder.

*Samuels & Cooley* and *F. E. Bissell,* for the appellant.

*Wiltse & Blatchley,* for the appellees.

STOCKTON, J.—The first question raised by the assignment of errors, is, whether the defendant Lee was properly admitted by the court to testify as a witness to the usurious consideration of the notes sued on. The statute enacts that "in all cases where the unlawful interest is not apparent on the contract or writing, the person contracting the unlawful interest, shall be a competent witness to prove that the contract is usurious." Acts 1853, ch. 37, § 5, 68. It is claimed by plaintiff, that Lee had been rendered incompetent as a witness, by defendants' having made a witness of plaintiff, and calling on him to reply under oath to their answer. To this, the answer is, that the statute makes him a competent witness, and we see no reason why his having previously made a witness of plaintiff, can so far change the meaning of the law, or the relations of the par-

ties, as to render him incompetent, who was competetent before.

It is secondly assigned for error, that the District Court permitted the consideration of the notes sued on, to be inquired into by defendants, to defeat the right of plaintiff to recover on them, as a *bona fide* holder, for a valuable consideration, without notice.   The rights of the parties are to be determined wholly by the statute of 1853, ch. 37, 67, Section 5 is as follows : " If it shall be ascertained in any suit brought on any contract, that a rate of interest has been contracted for, greater than is authorized by this act, either directly or indirectly, in money, property, or other valuable thing, the same shall work a forfeiture of ten per centum per annum, upon the amount of such contract, to the school fund of the county in which the suit is brought, and the plaintiff shall have judgment for the principal sum, without either interest or costs.   And in no case where unlawful interest is contracted for, shall the plaintiff have judgment for more than the principal sum, whether the unlawful interest be incorporated with the principal or not."   The act fixes the rate of interest at six per centum per annum, unless the parties agree in writing to a higher rate, which may not be more than ten per centum.   It forbids the taking a greater rate of interest than is in the act prescribed.

Where a statute against usury provides, that the usurious contract is void, then no subsequent circumstances can make the original contract good; and a promissory negotiable note, void at its inception for usury, is equally void in the hands of an innocent indorsee.   2 Parsons on Contracts, 384.   The total or partial want, or failure of consideration, or illegality of consideration, is a good defence or bar to an action between any of the immediate or original parties to the contract.   So it is, to any derivative title under the payee, by a person acting merely as his agent, or who has paid no value for the note.   The same rule applies, where the party takes the note even for value, after maturity ; or if he takes it with notice, at the time of purchase, that the note is void in the hands of the party from whom he pur-

chases it, either for fraud or want, or failure,'or illegality of consideration, he takes it subject to the same equities. If there is a partial want or failure of consideration, the note is avoided only *pro tanto;* where the consideration is illegal, the note is avoided *in toto.* But the total or partial want, or failure of consideration, between the original parties, is no defence or bar to the title or right to recover, of a *bona fide* holder of a note, for a valuable consideration, without notice. The law in such case does not permit the consideration to be inquired into. And where the note is founded on an illegal consideration, the same rule applies generally, whether the illegality be founded on moral turpitude, which is *malum in se,* or on a prohibition by statute, or *malum prohibitum.* The exception to this general rule is, where the statute creating the prohibition, at the same time, either expressly, or by necessary implication, makes void the instrument in the hands of the holder, whether he has notice of the illegality or not. Story on Prom. Notes, §§ 191, 192; Parsons on Mercantile Law, 257; 1 Pars. on Contracts, 381. It is otherwise, if the statute does not declare the contract void for the usury. Parsons on Mer. Law, 257, note. As between the original contracting parties, it is sufficient if the consideration be illegal in part, whether by statute or common law. Such illegality extends to the whole consideration, and the whole contract is void. If the consideration be illegal, it is insufficient to support a promise. A penalty provided by statute against an act, renders the act illegal, though not expressly prohibited. The penalty amounts to a prohibition. 1 Parsons on Contracts, 381.

Now, our statutes enacts, as a penalty, in case of any contract for a greater rate of interest than is therein allowed, a forfeiture of ten per centum per annum on the amount of the contract, against the defendant, and that the plaintiff shall have judgment for the principal sum loaned, without interest or costs. This provision is expressly extended *to all suits* brought on the contract affected by the usury. The statute does not expressly declare that the contract shall be wholly void. But the same end is reached, and the same

Bacon v. Lee and Gray.

effect is given to its provisions, by declaring that *in no case* where unlawful interest shall be contracted for, shall the plaintiff, in a suit brought upon the contract, have judgment for more than the principal sum loaned. We are of opinion that this provision extends to the note, even in the hands of an innocent holder; and we are strengthened in this conclusion, by the language of the subsequent section, which provides that the proper *bona fide* assignee of any usurious contract, may recover against the usurer, the full amount of the consideration paid by him for such contract, deducting the amount of the judgment for the principal. sum, recovered against the makers.

The only remaining question is, that arising on the third assignment of errors, in which it is objected, that the court found the contract usurious on the testimony of Lee, one of the defendants, against the sworn replication of plaintiff, denying all the matters averred in the answer touching the usury. We think this assignment of errors is founded on a misapprehension of the matter and substance of plaintiff's sworn replication. The usury charged, is not denied by the replication. He declares that he has no knowledge, and no means of knowledge of the terms of the contract, between the original parties, or of the rate of interest agreed upon between them; that he can neither admit nor deny the allegations of the petition, as to the usury charged; and that he calls upon the defendants to prove the same. We cannot give to this sworn replication, the same effect as to the testimony of a witness. It is not testimony at all upon the question of usury. *First*, because defendants did not call upon plaintiff to discover any fact in relation to the usurious contract; and, *secondly*, because the plaintiff in his replication, does not deny the fact of usury, but declares that he knows nothing on the subject. When the answer or replication of a party is required to be made upon oath, as to any matter stated in the previous pleadings, and responsive to it, such answer or replication is evidence conclusive, in favor of the party making the same, as to the matters of fact about which the opposite party seeks a disclosure from

him, unless it is overcome by the satisfactory testimony of two opposing witnesses, or by one witness, corroborated by other circumstances and facts, which give to such testimony a greater weight than the opposite pleading, or which are equivalent in weight to a second witness. 2 Story's Equity, § 1528. In this instance, as to the fact of usury in the original contract, the replication was not required by, and is not responsive to, the defendants' answer.

We are of opinion that there was no error in the judgment of the District Court, and the same is affirmed.