## NICHOLS v. LEVINS *et al.*

1. USURY. Where the maker of a promissory note delivered the same to the payee named therein, without consideration, for the purpose of having the same assigned to the real party who advanced the consideration, with the design of avoiding the statute against usury, and it was so assigned without recourse, by the payee, to such party, who delivered the consideration to the assignor, by whom it was delivered to the maker, it was held usurious.

2. ESTOPPEL. The general rule, that a party who induces another to take an assignment of a note, by admitting the justice of the debt, or that he has no defense, cannot afterward deny such admission to the prejudice of the assignee, has no application in the case of usury where the assignee has knowledge of the same, and especially where such declarations are obtained the more effectually to cover and hide the same.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 12.

LEVINS executed to Graves his promissory note for $5,750. The note was negotiable, and secured by a mortgage on certain real estate in the city of Dubuque. No consideration passed between Graves and Levins, the object being, as is alleged, to enable Graves, by negotiating these securities, to raise money in the east for the benefit of Levins. Graves sold the note and mortgage, in Boston, to plaintiff, for $4,887.50, and indorsed the note "without recourse," and assigned the mortgage in the same manner. The money was received by Graves and paid to Levins, Graves getting the premium on the exchange for his services. To an action brought to foreclose this mortgage Levins pleaded usury, which plea was sustained, and plaintiff appeals.

*D. N. Cooley* for the appellant, contended: 1. That the contract was not tainted with usury. *Nichols* v. *Pearson et al.*, 7 Pet., 103; *Moncure et al.* v. *Dermott*, 13 Pet., 345; *Shackleford* v. *Morris*, 1 J. J. Marsh, 497; *Law's Executors* v. *Sutherland*, 5 Grat., 357; *Hausborough* v. *Baylor*, 2 Mumf., 39; *Gaul* v. *Willis*, 4 Am. Law Reg., 561; *Whitworth* v. *Adams*, 5 Rand., 333; *Gileson* v. *Fosler & Co.*, 1 Call., 62; *Price & Co.* v. *Campbell*, 2 Id., 110; *Brown* v. *Brent*, 1 Henn. & Mumf., 4; *Skipwith* v. *Gileson & Jefferson*, 4 Id., 4. 2. That Levins is estopped from setting up a defense to the note by his letter, in which he says he has

received value for the note, and has no defense against it. *Weaver* v. *Lynch*, 25 Penn., 449; 6 Blackf., 175; *Croat* v. *De Wolf*, 1 R. I., 393; *Davis* v. *Thomas*, 5 Leigh, 1.

*Willse & Blatchley* for the appellee.

WRIGHT, J. — The cause was referred to Charles J. Rogers, Esq., as referee, who found and reported that the contract was usurious. This finding was confirmed, and judgment entered in accordance therewith.

Of the several propositions stated and ably elaborated by counsel for appellant, the following, found in *Moncure* v. *Dermott*, 13 Peters, 345, is as succinct a statement of what he claims as any other: "The *bona fide* purchaser of a note or bond may take it at any rate of discount, without violating the statute of usury." All that is said in *Crane* v. *Hendricks*, 7 Wend., 569; *Shackleford* v. *Morris*, 1 J. J. Marsh., 407, and other similar cases, but recognize the same rule, a rule to which, in the absence of statute, there is no exception. Of course, if there was usury between the original parties, a different question would be presented, especially under statutes like ours; for expositions of which see *Bacon* v. *Lee and Gray*, 4 Iowa, 490; *Campbell* v. *McHarg et al.*, 9 Id., 354; *Smith, Twogood & Co.* v. *Coopers & Clark*, Id., 376. The only question in the present case is, whether the rule stated is applicable to the facts; or, in other words, does the testimony justify the finding of the referee, "That Graves was acting as the agent of defendant, and that the privity of contract subsisting between plaintiff and defendant was such as to authorize the conclusion that the note was tainted with usury as between them?" And it seems to us that this finding is not so far in conflict with the testimony as to justify a reversal of the judgment. To discuss this testimony *in extenso* can serve no useful purpose. We need only state that the impression which it makes on our minds is, that this note was made with the know-

ledge of plaintiff, to be negotiated, and that the intention was to so arrange the transaction as to place plaintiff in the position of an innocent holder, and thus avoid the statute against usury. It seems to us that Graves, the payee without value, was a mere go-between, and that throughout there was nothing more nor less than a device, by which it was sought to place the contract or the debtor beyond the protection of the law. The letters referred to do not help or aid plaintiff's case. They are so far out of the ordinary method of transacting business as to tend to stamp the contract with its true character. And while it is true, as a general proposition, as claimed by appellant, that if a promisor induces a person to take an assignment of a a note, by admitting the justice of the debt, or by declaring that he has no defense, he cannot afterward deny it to the prejudice of the assignee, yet such a rule has no application in the case of usury where the assignee has knowledge of the same, and especially where such declarations are obtained the more effectually to cover and hide the same. Whether they would estop a party from pleading usury under our statute, when the assignee buys without such knowledge, we need not now discuss nor determine. The judgment is

Affirmed.