## Dively v. The City of Cedar Falls.

1. **Jury : INTEREST.** In an action to which an incorporated city was a party, it was no abuse of the "sound discretion" vested in the court to exclude from the jury tax payers in such city.

2. **Contracts : SCRIP ISSUED AS CURRENCY.** Scrip issued by a municipal corporation in this State for the purpose of being used and circulated as money, under the Constitution of 1846 and Code of 1851, was absolutely void, and its payment cannot be enforced against the corporation.

*Argu.* Every contract made for or about any matter or thing which is prohibited and made unlawful by statute, is void ; and a repeal of the prohibitory act does not render valid a contract made while it was in force and contrary to its provisions.

3. **Municipal corporations :** UNAUTHORIZED CONTRACTS. A municipal corporation is not bound by the unauthorized acts of its officers.

4. ——— NEGOTIABLE PAPER. Without express authority in the charter so to do, municipal corporations have no power to bind themselves by negotiable paper with all the incidents of negotiability; and such paper issued without such authority has no other binding effect upon the corporation in the hands of a *bona fide* indorsee, for value, before maturity than it would have in the hands of the original holder.

*Appeal from Black Hawk District Court.*

FRIDAY, DECEMBER 28.

PETITION in ordinary, upon seventy written obligations, signed by the mayor and recorder of defendant and sealed with its seal. The obligations (except the date, signatures and seals) were executed in lithograph with vignettes, and in appearance not unlike common bank-bills. They were made payable to persons other than those to whom they were issued and delivered; were all of the same date, and made payable two years therefrom to the payee or bearer, some of them being for five and others for two dollars each.

The answer denies the execution of the obligations; denies the official character of the persons signing the same, and their authority to execute or issue them; denies the power of defendant to create any indebtedness or to make the obligations sued on or any other; denies any indebtedness at any time to the payees; and also denies that there was any consideration for the obligations sued on. The answer also avers that the obligations or notes sued on were issued without any power or authority from defendant, and that they were not issued to pay debts due from the defendant; that they were issued for the purpose of engaging in speculative operations, to wit: the building of a toll-bridge, and purchasing merchandise,

and were not issued to pay the ordinary expenses of the defendant, or to pay any debt contracted therefor; that they were issued to obtain a loan of money, to enable the officers to engage in constructing a toll-bridge and buying property contrary to law, and that they were not used for the benefit of defendant in any way.

There was a trial to a jury, with verdict and judgment for plaintiff. The further facts are stated in the opinion. The defendant duly excepted to the rulings of the court, and now appeals.

*J. B. Powers* and *I. M. Preston & Son* for the appellant.

*Bagg & Allen* for the appellee.

COLE, J.—I. In the course of the selection of a jury, one of the jurors on the regular panel was challenged for 1. JURY: interest. cause, on the ground that he was a citizen of and tax-payer in the town of Cedar Falls, the defendant. These facts being shown, the court sustained the challenge, and excluded the juror. The regular panel being afterward exhausted, the court directed the sheriff that, in the selection of talesmen, he must not summon any who were citizens and tax payers of defendant, and the sheriff governed himself accordingly, to all which the defendant duly excepted.

Upon the general principle that no man ought to be a judge in his own cause, and the not very remote deductions therefrom rendering it indirectly applicable to this case, it is reasonably clear that there was no abuse "in the exercise of a sound discretion" (which is conferred by the statute, Rev., § 3039, subdiv. 2) on the part of the court in excluding the juror, and in giving the direction, as stated, to the sheriff. This point was substantially so

ruled in *Davenport Gas-Light and Coke Company* v. *The City of Davenport* (13 Iowa, 229).

II. During the progress of the trial, and after the plaintiff had proved the action of the town council in 2. CONTRACTS: relation to the procuring and issuing of the scrip issued as currency. "scrip" sued on, and that it was issued for the purpose of building a toll-bridge across the Cedar river, at the foot of Main street, in the town of Cedar Falls, the defendant, by way of cross-examination of one of plaintiff's witnesses, and who was mayor at the time the scrip was issued, and signed the same, asked said witness, "Was this scrip issued for the purpose of being used and circulated as money?" To this question the plaintiff objected. The court sustained the objection, and defendant duly excepted.

By the Constitution of 1846, which was in force till September, 1857, banking, or the issuing of paper to circulate as money, was prohibited, and the General Assembly was directed to prohibit, by law, any person or corporation from exercising banking privileges or creating paper to circulate as money. Const. of 1846, art. 8, § 1. The Legislature, pursuant to this provision of the Constitution, prohibited banking and the issuance of paper to circulate as money, and provided penalties for any violation thereof. Code of 1851, §§ 2731 to 2734 inclusive. These provisions of the Code of 1851 were in force at the time the scrip sued on in this case was issued. Section 2734 was as follows :

"No person, association or corporation shall issue any bills, drafts or other evidences of debt to be loaned or put in circulation as money, or to pass, or to be used as a currency or circulating medium; and every person, association or corporation, and every member thereof, who violates the provision of this section shall be punished by fine not exceeding one thousand dollars."

Lord Holt said, in *Bartlett* v. *Vinor*, Cath., 252; *S. C.*, Skin., 322: " That every contract made for or about any matter or thing which is prohibited and made unlawful by statute, is a void contract, though the statute itself does not mention it shall be so, but only inflicts a penalty on the offenders, because a penalty implies a prohibition, though there are no prohibitory words in the statute." This is still the law. See also *Drury* v. *Defontaine*, 1 Taunt., 136; *Bacon* v. *Lee & Gray*, 4 Iowa, 490; 1 Parsons on Contracts, 381, and note and authorities cited. Nor does a repeal of the prohibitory act of itself render valid a contract made while it was in force and contrary to its provisions. *Milne* v. *Huber*, 3 McLean, 212.

It is clear, therefore, that if the obligations sued on in this case were issued for the purpose of being used and circulated as money in violation of the statute, that they were void and could not be the basis of a recovery. Since the answer to the question, which was excluded by the court, might have disclosed a complete defense to the action, was proper cross-examination and pertinent to the issue mades, it was error to exclude the same. *Reynolds* v. *Nichols & Co.*, 12 Iowa, 398.

III. After the evidence was closed, the court instructed the jury, and among other instructions gave the following:

3. MUNICIPAL CORPORATION: unauthorized contracts. " The bonds or notes of a municipal corporation, payable to bearer, are so far negotiable that they are valid in the hands of a *bona fide* holder." "If you find that the notes came into the hands of the plaintiff before due, without notice for the purpose

4. —— negotiable paper. for which they were given, you will find for the plaintiff." These instructions were erroneous. We have heretofore held that if the officers of a city, in their acts purporting to bind the corporation, exceed the powers conferred by the charter, that the city may, when sued for these acts, show such excess of

authority in defense of its liability thereon. In other words, that a municipal corporation is only liable for the acts of its officers within the scope of the corporate powers. *Clark* v. *City of Des Moines*, 19 Iowa, 199, and see also authorities there cited; *Mullarky* v. *Cedar Falls*, Id., 21. And we have also held that, without express authority in the charter so to do, such corporations have no power to bind themselves by *negotiable* paper with all the incidents to negotiability. Or, in other words, that the obligations of such corporations, though negotiable in form, are vulnerable to the same defenses, and have no other force or binding effect in the hands of a *bona fide* indorsee, for value before maturity, than in the hands of the original payee or holder. *Clark* v. *City of Des Moines*, *supra*; *Clark* v. *Polk County*, 19 Iowa, 248.

The court also refused certain instructions asked by the defendant and gave others asked by the plaintiff, but all the further questions involved in the case are sufficiently and definitely settled by the three cases above referred to, which have been decided since this case was tried in the District Court, and as they were well considered cases, and are still fully approved by us, it is unnecessary to restate and rule again the same questions, or further consider them here.

Reversed.