## CAMPBELL v. McHARG, *et al.*

1. USURY. The prohibition of usury cannot be avoided by the substitu-

tion of one contract for another, or of a new note for an old one. Where it enters into a transaction, either directly or indirectly, it taints every part of it.

2. SAME: EVIDENCE. The party agreeing to pay usury is a competent witness to prove the usury, though it be apparent on the face of the contract.

3. STATUTE CONSTRUED. Chapter 37, Laws of the Fourth General Assembly, (1852-3,) considered and construed.

4. CASES CITED. *Bacon* v. *Lee & Gray*, 4 Iowa 490; *Smith, Twogood & Co.* v. *Coopers & Clark, infra,* and *Morrison* v. *Rosenberger & Stoner,* 7 Iowa 493, re-affirmed.

4. DEFAULT AND JUDGMENT AGAINST ONE PARTY. In an action on a joint and several promissory note, when one defendant answers, setting up a defense to the action, and the other permits a default, judgment cannot be rendered against the latter before the answer of the former is disposed of.

## *Appeal from Scott District Court.*

## WEDNESDAY, OCTOBER 19.

The plaintiff sued McHarg and J. M. D. Burroughs on a joint and several note, for one thousand dollars, dated 7th July, 1857, and due on the 1st day of September, with interest at ten per cent, if not paid when due. Burroughs did not answer, but McHarg filed an answer, pleading usury. The verdict and judgment were for the plaintiff, and defendants appeal.

*Thorington, Brown & Armstrong,* for the appellant, Mc-Harg, relied upon chapter 37 Laws 1852-3; *Bacon* v. *Lee & Gray,* 4 Iowa 490; 2 Kent 467; 3 Edwards Ch. R. 442; 4 Leon. 43; 3 Ib. 205; 1 Mad. 69; 6 Wend. 415; 9 Cowen 647; 21 Wend. 103; 1 Green R. 167.

*Dillon, Lindley & Brown,* for Burrows, cited the following; *Morrison* v. *Rosenberger & Stoner,* 7 Iowa 493; 1 Chit. Pl. 47, 567; 1 Saund. R. 153, note; 2 Tidd's Pr. 803; 3 Cow. 374; 6 Cow. 599; Hammond on Parties, 53, 223, 224, 229; Graham's Pr. 313.

*J. C. Bills* and *George S. C. Dow* for the appellee.

I. No exception was taken in the court below to the judgment against Burrows—there was no motion to set aside the default. *Houston* v. *Walker,* 1 Iowa 86; *Western Stage Co.* v. *Walker,* 2 Ib. 505; *Quigley* v. *Merrill,* 4 Ib. 447; *Harman* v. *Chandler,* 3 Ib. 150; *Palmer* v. *Lorrilard,* 16 John. 348; *Beekman* v. *Frost,* 18 Ib. 544; 20 Wend. 555; *Dean* v. *Hall,* 4 G. Greene 425; *Fredrick* v. *Mitchell & Cooper,* 1 Iowa 100. This suit is upon a joint and several note, and judgment may be taken against either party separately. *Livingston* v. *Bishop,* 1 John. 291. The two judgments amount to but a joint judgment against both defendants. 4 G. Greene 212; *Ward* v. *Johnson,* 13 Mass. 148.

II. The plaintiff is an innocent holder. The provision allowing usury to be set up against him will be strictly construed. *Wood* v. *Hynes,* 1 Scam. 103; *Mulford* v. *Sheppard,* Ib. 583. In such cases the original contract which has been settled and closed up will not be opened. *Sanford* v. *Nichols,* 4 John. 224; *Dix* v. *Van Wyck,* 2 Hill 522; *Jackson* v. *Henry,* 10 John. 185; *Kent* v. *Walton,* 7 Wend. 256; 2 Sand. 85; *Cuthburt* v. *Hales,* 8 T. R. 390; 4 Esp. 11; *Smedburg* v, *Whittlesly,* 3 Sand. Ch. 320. The defendant is a competent witness only to show usury in the contract sued on. *Binney* v. *Merchant,* 6 Mass. 190; *Gardner* v. *Flagg,* 8 Ib. 100.

WOODWARD, J.—The note on which the suit is brought was made by McHarg and Burrows, payable to the order of Stephen Thompson, and was by him indorsed to the plaintiff. On the trial the defendant offered to show that the note embraced usurious interest, computed upon two former notes for which this was given and substituted. He further offered to go back and show the original transaction, and to trace it down to this note, showing usury in its several stages; namely, that the original consideration was $420, on the 9th April 1856, for a note purchased of Thompson and money loaned, and that it was agreed that the interest should be paid at the rate of four per cent per month; that the principal

and interest were payable in 60 days; and that the interest was so computed at the end of each sixty days, and a new note given for principal and interest, and so from time to time on each sixty days, in some instances, however, giving separate notes for the principal and the interest; and that the present note was given for two notes so given in accordance with such contract, the one for principal, and the other for interest; the notes thus reserving usurious interest, and also compounding it, and the defendant was called as a witness; but the plaintiff objected to his competency to testify to any thing except the contract (or note) now in suit, holding that in his testimony he could not go back of the present contract, and the court held accordingly, that he could testify only to the consideration which entered into, and formed the present note.   It is intimated, however, by the bill of exceptions, that the court restricted this ruling to this witness, and suggested that the evidence objected to might be received from other witnesses.   Yet the plaintiff urges that a contract once closed up by a new one, cannot be opened, and he argues the whole question relative to going back and inquiring into the original transaction.

When the attention of the court is called to the question of usury, to say that the inquiry is limited to the identical contract (or note) before them, and that they cannot look back into a preceding note, or notes, for which the present one was substituted, is contrary to both the letter and the spirit of all, or nearly all, the adjudications.   These teach that, however it may be covered by changes and substitutions, if usury be found to exist, either directly or indirectly, its taint continues and affects all the parts through which it runs.   The substitution of one contract for another, the taking a new note for an old one, will not purge it.   The cases in which the opposite has not been holden, have been the exceptions in favor of third persons.   *Dix* v. *Van Wyck*, 2 Hill. 524; *Tuthill* v. *Davis*, 20 John. R. 285; *Preston* v. *Jackson*, 2 Stark. R. 237; *Bacon* v. *Lee & Gray*, 4 Iowa 490; *Smith, Twogood & Co.* v. *Coopers & Clarke, infra.*

This view is strengthened if we look to the statute. The language is very general. "If it shall be ascertained, in any suit brought on any contract, that a rate of interest has been contracted for greater than is authorized. by this act, *either directly or indirectly*, &c." This language does not suggest the idea of any limitation or exception as to parties, and the terms "directly or indirectly," cut off all devices and subterfuges. The inquiry as to the usury, should have gone back to the beginning, unless restrained by the relation or position of the witness.

The latter portion of section 5 of the act of 20th January, 1853, (Acts 1853, Chapter 37, page 67,) provides that "in all cases when the unlawful interest is not apparent on the contract or writing, the person contracting to pay the unlawful interest, shall be a competent witness to prove that the contract is usurious." We should doubt whether the words relating to the unlawful rate not appearing on the contract, were intended as a limitation of the witness' competency. They are probably expressed merely upon the natural ground that, when it does appear, no witness is required. But if a part so appeared, and there was still other and further usury in the former contracts or notes, for which the present one was given, what prevents this witness showing the whole? There is as much force of argument to be drawn from the expression "*the* unlawful interest," as there is from the terms "*the* contract," and it is argued that when it is provided that the promissor may be a witness, to prove the contract usurious, it is emphatic upon the word *the*, and it is only to the *last* contract that he can testify. We are of the opinion that "the contract" embraces the whole transaction, and that "the unlawful interest" means *that* throughout the changes of the contract; for in this case at least, it was one contract from the beginning. According to the averment of the answer, it was agreed that the renewals should be made each two months, and the interest reckoned in.

But not much force is to be drawn from the use, or the ab-

Campbell v. McHarg, et al.

sence, of particular terms. It is sufficient that the statute is broad enough in its language to admit the common rule of law, that the prohibition of usury cannot be evaded by changes or substitutions of contracts, nor by subterfuges.

All the errors assigned relate either to the question of going back of the present note, or to the competency of the defendant, as a witness, to show the past transactions. We think there is no valid legal objection, either to pressing the inquiry beyond the present note, or to the defendant as a witness for that purpose. The statute makes no limitation or exception. See the case of *Smith, Twogood & Co.* v. *Coopers & Clarke, infra.*

In the argument of the plaintiff, he makes the point that he is an indorsee, and stands as an innocent holder. This does not appear to have been a part of the objection below, but the case appears to us to be put upon the ground that the evidence relating to usury cannot go back of the present note, or that *this* witness (one of the defendants,) is incompetent to testify of past transactions relating to usury, and the position of the plaintiff as an indorsee, is not suggested in the bill of exceptions. But the defendant argues the question partly upon this ground. This question of showing the usury against an innocent holder, as well as that of going back of the note or contract sued on, was discussed and decided in *Bacon* v. *Lee & Gray*, 4 Iowa 490; and we are not prepared to depart from that decision, in view of the provisions of our statute. See also, *Smith, Twogood & Co.* v. *Coopers & Clarke, infra.*

Another part of this cause is that relating to the defendant Burroughs. In the District Court this defendant made default, and the court rendered final judgment against him for the full amount of the note, while his co-defendant's plea of usury was on file, but not disposed of. He was surety on the note for McHarg. The plaintiff was not entitled to take final judgment against Burroughs, until the disposition of the answer of McHarg, his co-defendant. A default might be entered, but the final judgment should have been stayed.

The answer of McHarg went to the whole contract, and as it related to both of the defendants, the case is within the principle of *Morrison* v. *Rosenberger & Stoner*, 7 Iowa 493.

The judgment is therefore reversed as to both the defendants, and the cause is remanded for a trial *de novo*.

Reversed.