| 62 | 481 |
|---|---|
| 126 | 420 |
| 126 | 423 |
| 126 | 424 |
| 62 | 481 |
| 155 | 268 |
| 62 | 481 |
| 164 | 86 |
| 62 | 481 |
| 203 | 541 |
| 62 | 481 |
| f 36 SC | 283 |

# Campbell *et al. versus* Sloan.

1. Under no circumstances can junior judgment-creditors have any standing in court in their own names to open a judgment against their debtor and be let into a defence on the merits.

2. Junior judgment-creditors can attack a judgment against their debtor collaterally for fraud or for some matter arising subsequently showing that it was fraudulently kept on foot, and that only by an issue to try the question.

3. The Supreme Court is bound to presume all things to have been rightly done in the court below, unless the contrary manifestly appear.

4. The opening of a judgment is not the subject of review.

5. Campbell borrowed money from Sloan at usurious interest, and gave a note with surety; he paid the usurious interest for some years, when the original note was taken up and another given for the same amount with a new surety. In a suit on the new note the question was not satisfaction or merger, but whether the consideration of the new note was usurious.

6. Any security given in payment or discharge of an usurious security is equally void with that.

7. The original taint attaches to all consecutive securities, &c., growing out of the original transaction, and none of them, however remote, can be free from it, if the descent be traced.

8. A bonâ fide payment of an usurious debt with money or other things extinguishes it, and a subsequent loan would be valid; but the jury must be satisfied that it was not a contrivance to evade the statute.

9. Such payment cannot be by another obligation of the same borrower to the same lender, although by the engagement of a new surety, except only where an innocent third person intervenes.

10. The principle with regard to usury is not affected by the Act of May 28th 1858 (Usury), but only the extent of its application.

11. In this case the payments were payments on account of the principal: the consideration of the new security was usurious, and no more could be recovered on it than on the original.

October 26th and 27th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Armstrong county:* No. 31 of October and November Term 1869.

In the court below a judgment was entered April 23d 1866, in

12 P. F. SMITH—31

favor of J. H. Sloan against Hugh Campbell and Charles Bonner, on bond with warrant of attorney, dated April 3d 1866, conditioned for the payment of $2000 in one year. On the "23d of October 1867, on motion of J. V. Painter, attorney for sureties and junior judgment-creditors of Hugh Campbell, rule granted to show cause why the above-stated judgment should not be opened, and they permitted to defend."

This rule was made absolute June 6th 1868, and the defendant subsequently pleaded "nil debit, want of consideration, usury, illegal consideration."

On the trial before Buffington, P. J., Sloan, the plaintiff in. the judgment, testified: On the 3d of April 1858, he loaned Campbell $2000 with interest at 10 per cent. per annum, and took his note with H. J. Arnold as his surety; Campbell then paid $200 to Sloan, and continued to pay $200 annually; Arnold having died, "this note was lifted, new bail, old note settled up, new note taken," the one on which the judgment in controversy was entered, the arrangement being still to pay 10 per cent. interest; one payment of $200 has been made on the latter note.

The plaintiff's 2d point was :—

Upon the whole evidence there is no legal defence to the plaintiff's claim, and the verdict of the jury must be for the amount of the note, with interest, deducting only such payments as have been made upon and applied to the note now in suit.

To this the court answered :—

"This point is answered in the negative, if the jury believe the new note was a mere continuance of the old debt.

"If the new note was given as payment and satisfaction of the old debt, and so agreed upon by the parties, then it is to be treated as a new indebtedness.

"But if merely given and received as additional security, or as a continuance of the debt secured by the first note, and is thus a continuance of the former and a mere change of security or evidence of indebtedness, it would still leave it subject to the same rule as if the original evidence of the indebtedness had been continued, as the new note not being of any higher grade would not merge the former one as a matter of law."

The court further charged: * * "In our answer to the plaintiff's 2d point we endeavored to draw the distinction between the debt and the evidence of it, and instructed the jury that if the debt as between the parties continued the same, the excess over 6 per cent. ought to be deducted and the defendants allowed a credit for it on this judgment; but, on the other hand, if the parties by their own acts and agreements agreed to treat the old indebtedness as well as the evidence of it as extinguished and cancelled, and agreed that a new bond should be given with other sureties, then we think the old indebtedness would cease, and a new one

[Campbell *v.* Sloan.]

spring into existence, liable only for its own sins and not for the sins of its parents or predecessors.

"This view of the case involves the very important question of fact, what was the agreement or understanding of the parties? As mere matters of law between the parties debtor and creditor, the second bond being of no higher grade than the first, would not operate as a merger, but might be additional security merely, but if the parties agreed differently they had the right to do so, and such agreement would be effectual to fix their rights and duties.

"The jury, therefore, being judges of the facts, will decide this question."

The jury found for the plaintiff $2115.84.

The defendants took a writ of error and assigned for error the answer to the plaintiff's point and the charge of the court.

*J. V. Painter* and *E. Buffington,* for plaintiff in error.—It is error to submit facts to a jury in a manner so one-sided as to be unfair: Ralston *v.* Groff, 5 P. F. Smith 278. It should have been submitted distinctly whether the note in suit was not the evidence of indebtedness for the same money originally lent: Heath *v.* Page, 12 Wright 130; Fleming *v.* Parry, 12 Harris 47; Hart *v.* Boller, 15 S. & R. 162; Jones *v.* Johnson, 3 W. & S. 276; Jones *v.* Shawhan, 4 Id. 257; Appeal of Bank of Commerce, 8 Wright 423. Usury is not covered by calling interest, principal: Act of May 28th 1858, § 12, Pamph. L. 622, Purd. pl.; Fitzsimmons *v.* Baum, 8 Wright 33. Subsequent lien-creditors are in the same position as the debtor: Greene *v.* Tyler, 3 Wright 361; Primrose *v.* Anderson, 12 Harris 215; Premium Fund Association's Appeal, 3 Wright 156; Appeal of Bank of Commerce, 8 Id. 430.

*E. S. Golden* and *J. B. Neale,* for defendant in error.—A new note would be payment if so intended by the parties: Musgrove *v.* Gibbs, 1 Dallas 215; Heath *v.* Page, Jones *v.* Johnson, Acts of 1772 and 1858, *supra.*

The opinion of the court was delivered, January 3d 1870, by

SHARSWOOD, J.—Under no circumstances could junior judgment-creditors have any standing in court in their own names to open a judgment against their debtor and be let into a defence on the merits. They could attack it collaterally for fraud or for some matter arising subsequently to the entry of it as payment or a release, which would show that it was kept on foot in fraud of them, and that only by an issue to try the question. We are bound, however, to presume all things to have been rightly done in the court below unless the contrary manifestly appears. When,

[Campbell *v*. Sloan.]

therefore, the judgment below was opened on the motion of the attorney for sureties and junior judgment-creditors of Campbell, we must assume that Bonner, one of the defendants, and a surety of Campbell, was one of the parties in whose behalf the application was made. The opening of the judgment indeed is not the subject of review, and we notice it to avoid any conclusion that such a practice met our sanction.

We think that there was error in the charge of the learned judge and the answer to the plaintiff's 2d point, which were excepted to, and form the subject of the assignments of error. Campbell had borrowed of Sloan, in 1858, $1800, and had given his note, payable in one year, for $2000. The agreement was that he was to pay interest at the rate of 10 per cent. per annum. The interest appears to have been paid regularly at this rate up to April 1st 1866, being altogether a payment in excess of lawful interest of $640 and more, if we calculate the interest according to the rule applicable to partial payments of principal. In the meantime Arnold, who was surety of Campbell on the note, died. On the 3d of April 1866, the old note was delivered up and a new note taken for the same amount with Bonner as surety, on which judgment was entered. The agreement as to interest was the same. The learned judge below instructed the jury, in his answer to the point, that, " if the new note was given in satisfaction and payment of the debt, and so agreed upon by the parties, then it is to be treated as a new indebtedness;" and in his charge he said, "If the parties, by their own acts and agreements, agreed to treat the old indebtedness, as well as the evidence of it, as extinguished and cancelled, and agreed that a new bond should be given with other sureties, then we think the old indebtedness would cease and a new one spring into existence, liable only for its own sins, and not for the sins of its parents or predecessors."

The question was not one of satisfaction or merger, but whether the consideration of the new note, on which the judgment was entered up, was usurious. So Lord Kenyon put it in Tate *v*. Wellings, 3 T. R. 537. " It has been argued," says he, " by the plaintiff's counsel that we are precluded from considering whether or not the first contract was usurious, because, admitting it to be so, it was merged in the second bond. But as the former bond was the consideration of this, on which the present action is founded, if that were void as being given for an usurious consideration, most undoubtedly the second bond would be also void." So in Preston *v*. Jackson, 2 Starkie 237 (212), Mr. Justice Holroyd held at Nisi Prius that a party cannot recover on a new security, which operates as security for any usurious interest, although it is founded upon a new settlement of the account between the borrower and lender and the original securities have been can-

[Campbell *v.* Sloan.]

celled. This principle has been adopted by the courts in this country. "It can hardly be supposed," said Parker, C. J., in Bridge *v.* Hubbard, 15 Mass. 96, "that an usurious lender of money can screen himself from the effects of the law by giving up the security originally taken and substituting another in its place. If this can be done, much ingenuity is not required to evade and defeat the statute." So it was held in Tuthill *v.* Davis, 20 Johns. 285, that a mere change of securities for the same usurious loan to the same person who received the money, does not purge the original illegal consideration so as to give a right of action on the new security. The same principle was asserted in Walker *v.* Bank of Washington, 3 How. S. C. Rep. 62; Botsford *v.* Sandford, 2 Conn. 276; and Wales *v.* Webb, 5 Id. 150. The rule indeed is laid down broadly, that any security given in payment or discharge of an usurious security is equally void with that. The original taint attaches to all consecutive obligations or securities growing out of the original vicious transaction, and none of the descendant obligations, however remote, can be free from it if the descent can be traced: Dunning *v.* Merrill, 1 Clarke C. R. 252. Neither the renewal of an old, nor the substitution of a new security between the same parties can efface the usury, nor a further security nor a guaranty given subsequently by a stranger. The Statute of Usury would be very easily evaded if a security of a third person taken a few days or a few months after the loan in lieu of the borrower would be valid: Vickery *v.* Dickson, 25 Barb. 96.

No doubt a bonâ fide payment of the debt, whether in money or other things, extinguishes it, and a subsequent loan between the same parties is valid; but then the jury must be satisfied that it is not a mere trick or contrivance to evade the statute. But such payment never can be, as the cases cited abundantly show, by another obligation of the same borrower to the same lender, even though it may be strengthened by the engagement of a new surety or guarantor. The only recognised exception is when an innocent third person intervenes, who, by transfer or otherwise, steps into the shoes of the lender without notice of the usury, and then obtains a new security from the borrower. That is founded on a consideration not usurious, for there is no corrupt intention in the creditor. A good illustration of the principle of this exception is to be found in Hussey *v.* Jacob, 1. Ld. Raym. 87, which was the case of a gambling debt. It was there laid down that if he who wins at play, being indebted to a stranger, procures him who loses to bind himself to the stranger for the payment of the money due by him who wins to the stranger, in consideration of a discharge of the money which he hath lost at gaming, this bond which he makes to the stranger is not within the act, because it is made for a just debt. The same principle has been frequently applied in cases

[Campbell *v.* Sloan.]

arising under the usury law: Ellis *v.* Warnes, Cro. Jac. 32; Cuthbart *v.* Haley, 8 T. R. 390; Bearce *v.* Barstow, 9 Mass. 45; Powell *v.* Waters, 8 Cowen 669; Brinckerhoff *v.* Foote, 1 Hoff. C. R. 291; Brown *v.* Waters, 2 Md. Ch. Dec. 201; Campbell *v.* McNary, 9 Iowa 354.

These decisions have all been made indeed under statutes which totally avoid the contract. Upon the construction of our statute the usury only is avoided, and the money actually loaned, with lawful interest, is a valid debt, and may be recovered by the lender. But that does not affect the principle, but only the extent of its application. When the new security was taken in this case, all that could have been recovered on the old was the sum actually lent and lawful interest, less the usurious payments which had been made. These payments, as payments of interest, were avoided by the statute, and became payments on account of the principal. It follows that the new security, having been taken for the full principal on the same footing as the original, the consideration of it to that extent was usurious, and could no more be recovered in an action on the new than it could have been on the old note.

Judgment reversed, and *venire facias de novo* awarded.