HAWKEYE BENEFIT AND LOAN ASSOCIATION v. BLACKBURN ET AL.

1. **Usury: BUILDING ASSOCIATIONS: INTEREST UPON PREMIUMS.** Building associations are not authorized by section 1186 of the Code to receive a greater sum per annum for interest upon their loans than ten per cent of the amount actually loaned. Where a note, bearing interest, was executed by a borrower to such an association, including not only the amount actually received by him, but also the premium paid for the loan, *held*, that it was usurious.

*Appeal from Marshall Circuit Court.*

SATURDAY, APRIL 20.

THE plaintiff is a corporation, organized in March, 1870, under the general incorporation law, for the expressed object of "assisting the members of the association in the acquisition of freehold property, in the erection of buildings, and otherwise improving the same, and in the removal of incumbrances or liabilities upon property already held by them, and to enable them to receive the amount of their shares in advance, upon furnishing good mortgage security, as provided by the by-laws of this association, and to facilitate the accumulation, borrowing and redemption of capital." The capital stock was fixed at three hundred thousand dollars, and the shares were two hundred dollars each; the same was to be paid at the rate of one dollar per share each month.

It was provided in the articles of incorporation that certain fines might be imposed for non-payment of monthly dues, and dereliction of duties on the part of officers.

Such were the sources from which the corporation, in the first instance, obtained any money, and it was loaned to the member who would pay the highest premium therefor.

The theory of the organization was that in ten years, or less, the accumulations arising from the several sources of revenue would make the shares worth par, or two hundred dollars each, and whenever that period arrived, the assets were to be divided, and the corporation cease to exist. But in no event was it to exist longer than ten years.

The defendant became a member of such corporation, and subscribed for seven shares of the stock. After having paid his monthly dues for some time, he applied for a loan of fourteen hundred dollars, and the same was put up to be competed for among the members.

The defendant bid fifty-nine and one-half per cent premium, which being the highest bid, the loan was made to him; to

secure which he gave the plaintiff a written obligation and mortgage to secure the same, and this action is brought to foreclose such mortgage. The defendant continued to pay his monthly dues, and the interest stipulated for when the loan was made, for some time thereafter, but finally he ceased to make any payments whatever.

The defendant, in his answer, alleged that the contract was usurious, and that he had paid more than was legally due thereon, and asked for an accounting, and that he be allowed his proportionate share of all the assets of the corporation as an "offset to the contract," and that the mortgage be declared satisfied and cancelled of record.

There was a reference, a finding of facts made by the referee, and his conclusions of law reported to the court, which report was confirmed, and the mortgage decreed satisfied, and judgment rendered in favor of the defendant for eighty-eight dollars and seventy-three cents, and against him, in favor of the school fund, for fifty-three dollars and fifty-five cents. The plaintiff appeals.

*Brown & Binford,* for appellant.

*O. L. Binford, W. E. Snelling,* and *Caswell & Meeker,* for appellees.

SEEVERS, J.—The abstract contains all the evidence, but the appellee objects that there cannot be a trial *de novo* in this court, because no motion was made at any time for a trial on written evidence. This objection is well taken. *Vinsant v. Vinsant,* 47 Iowa, 594, and numerous other cases.

Error, however, has been assigned, and the finding of facts is, perhaps, sufficiently full and complete to enable us to determine all the questions made by counsel which are of vital importance.

The obligation given by the defendant, and secured by the mortgage, is as follows:

1. USURY: building associations: interest upon premiums.

"$1,400.

"On or before ten years from this date I promise

to pay to the Hawkeye Benefit and Loan Association, of Marshall county, Iowa, the sum of fourteen hundred dollars, with interest thereon from the date hereof, at the rate of six per cent per annum, payable monthly, on the first Monday of each and every month, or on such other day as may be fixed upon by said association for the collection of monthly dues of its members. The principal sum of fourteen hundred dollars, and all interest accrued thereon, shall become due and payable whenever the interest shall be more than six months in arrears and unpaid; or, at the longest, at such time (not exceeding ten years) as said Hawkeye Benefit and Loan Association shall have accumulated sufficient assets, embracing moneys, property, and notes of like import with this, to divide to each of its members the value of two hundred dollars for each share held by him in the capital stock of said association; and the dividend so accruing to the maker of this note shall be then applied hereon in payment. This note is secured by mortgage on real estate.

"Dated at Marshalltown, Marshall county, Iowa, this 3d day of April, A. D. 1871.

"JOHN T. BLACKBURN."

The amount of money actually loaned was only five hundred and seventy-four dollars, and the referee found the contract to be tainted with usury. But this was more in the nature of a legal conclusion from conceded facts, than a finding of facts based on evidence which was in any manner conflicting. Such conclusion is the subject of review in this court.

Associations, incorporated or unincorporated, based on the same general principles as the plaintiff, have existed for some time both in this country and England.

In the latter they do not possess corporate powers, and the ruling there seems to be that such constracts as the one under consideration are not usurious, because the associations are mere partnerships, and the transaction constitutes a

dealing in partnership funds. *Silver v. Barnes*, 6 Bing., N. C., 180; *Burbridge v. Colton*, 8 E. L. and E., 57.

It was so held, also, in *Shannon v. Dunn*, 43 N. H., 194; *Merrill v. McIntire*, 13 Gray, 157, and we do not doubt but that similar rulings have been made in other States. We believe it to be true that in neither New Hampshire nor Massachusetts was the association vested with corporate powers. Certainly this is true as to the former State. In Pennsylvania the contrary doctrine prevails. *William Tell Saving Fund Association*, 39 Pa. St., 137. In Connecticut such associations have corporate powers, and it was in substance held such contracts were usurious. *The Mechanics' and Workingmen's Mutual Savings Bank and Building Association of New Haven v. Wilcox et al.*, 24 Conn., 147. The same rule was adopted in *Baltimore Permanent Building and Land Society v. Taylor*, 41 Md.; *Mills v. Salisbury Building and Loan Association*, 75 N. C., 292; *Forest City United Land and Building Association v. Gallagher et al.*, 25 O. St., 208.

Without stopping to inquire whether there is any difference between an incorporation and an unincorporated association, it is quite apparent there is a conflict of authority, and that courts of the highest respectability are not in accord on this question. A critical examination of the various cases might demonstrate that this conflict is more apparent than real. Be this, however, as it may, we are fully warranted in establishing such a rule as seems to us to fully accord with the statutes and policy of this State.

The question whether this contract was usurious, under the statutes in force at the time the contract was made, need not be separately considered, because of a statute passed in 1872, which, it is insisted, has the effect to remove the taint of usury, if such ever existed. This statute forms a part of the Code, being §§ 1184, 1185, 1186 and 1187 thereof. It is there provided that corporations, to effectuate the same objects as those expressed in the articles of incorporation of the plaintiff, might be organized, and section 1185 provides and

determines how and in what manner money may be obtained for the purposes of the corporation. If loans are made to members in strict accord with the provisions of the statute, it is expressly declared that such loans shall not be construed as usurious. Section 1186 is of a legalizing nature, and evidently intended to apply to such corporations as the plaintiff, and to contracts like the one in question. It provides that the loans of such corporations made in pursuance of their "articles of incorporation and by-laws," and the "notes, obligations and securities" taken therefor, "shall not be construed or held to be usurious, by reason of any fines or premiums for the right of preference in taking such loans, paid in addition to the *legal rate of interest,* but the same shall be valid and binding in all respects, the payment of such fines or premiums, in addition to a rate of interest *not exceeding ten per cent per annum* payable annually, or at any less period, notwithstanding."

The legal rate of interest cannot, in this State, exceed ten per centum per annum on the sum actually loaned. If any greater rate is charged or received, either directly or indirectly, the contract is usurious. Code, §§ 2077, 2078.

The amount of money actually loaned being only five hundred and seventy-four dollars, and the plaintiff, having charged and received as interest thereon for each month the sum of seven dollars, such contract is usurious, because interest thereon, at the legal rate, would only amount to four dollars and seventy-eight and one-third cents, if paid monthly.

There can be found in the statute no words which warrant the construction that interest might be charged or received on the premium bid for the money loaned. The language used forbids such construction, for the interest cannot thereunder exceed the legal rate. Before such an exaction in the shape of interest can be judicially sustained, the authority for it should be found unequivocally expressed in the statute.

Section 1185 of the Code is, in substance, the same as the Ohio Statute, and it was expressly held in *The, Forest City*

*United Land and Building Association v. Gallagher et al.,* before cited, that the Ohio Statute did not authorize a charge or payment of interest on the premium. It cannot be presumed the General Assembly intended to legalize contracts which the statute did not authorize.

We, therefore, hold the statute does not legalize or make valid the contract in question, because more than ten per cent per annum is exacted on the money actually loaned.

This view relieves us of the necessity of determining whether the legalizing statute is retrospective, and, if so, whether it is unconstitutional.

II. The referee found the defendant had paid on the contract, exclusive of monthly dues and fines, three hundred and thirty-six dollars, and as a conclusion of law that he was entitled to credit therefor on the sum actually borrowed. This result, in case the contract is found to be tainted with usury, is not, as we understand, seriously contested by appellant.

The referee also found the defendant was entitled to monthly dues to the amount of three hundred and twenty-six dollars and seventy-three cents, which he had paid to the plaintiff from time to time. In this way the result is reached that defendant is entitled to a judgment against the plaintiff.

It will be seen the written objection in no manner refers to the monthly dues, nor does the mortgage. If the interest is in arrears and unpaid for six months, the principal sum becomes dne. But the non-payment of dues does not produce this, or any other result, so far as the contract is concerned. In other words, the payment of such dues is not secured by the usurious contract. Nor did the referee so find, but that the defendant was entitled to a credit for such monthly dues, under article 30 of the "constitution and by-laws" of the corporation, which is as follows:

"Members whose dues and penalties are all paid up, may, on one month's notice, withdraw from the association, and

shall be entitled to receive back the money they have actually paid for monthly dues, deducting the proper proportion of all losses which the association may have sustained. Members wishing to withdraw, who have had loans from the association, must also first pay up the principal and interest due upon such loans."

The referee found that, at the time the defendant filed his answer and cross-petition, he was indebted to the plaintiff for monthly dues seventy-seven dollars, fines seven dollars and seventy' cents, and interest on dues one dollar and fifty-seven cents.

According to the plain and explicit provisions of the foregoing article, before the defendant could sunder his connection as a member with the plaintiff, and receive back the money actually paid, he must have paid up all his dues and penalties. From the money so paid must be deducted his proper proportion of the losses, and he must also pay the principal and interest thereon of all money loaned him by the plaintiff.

Now, as he was in debt to the plaintiff for dues, penalties, and interest thereon, he was not entitled to withdraw from the corporation, and receive the money actually paid. There is no finding whether or not the corporation has met with any losses. We incline to think it should affirmatively appear it had not, before the defendant can recover back the whole of the money actually paid. Of course he was not under any legal obligation to pay the interest on the money borrowed, for none is due the plaintiff thereon. The defendant, therefore, did not have the right to withdraw from the association at the time he filed his answer, because he was then indebted to the association. For aught that appears in this case, the defendant may not be entitled to receive back anything by reason of losses. The amount due for dues and penalties must be paid, the losses ascertained, and, if any, the defendant's proper proportion thereof deducted from the sum paid, and the defendant is entitled to the residue, and has no future interest in the corporation.

The cause is remanded to the Circuit Court for further pro-ceedings in accordance with this opinion.

REVERSED.