## PHILLIPS v. THE COLUMBUS CITY BUILDING ASSOCIATION.

1. **Usury:** PROMISSORY NOTE: REFUNDING USURIOUS INTEREST. The refunding of the usurious interest that has been paid upon a note, and its acceptance by the maker, or the person in interest as such, under an agreement that only legal interest shall thereafter be charged, frees the note from the taint of usury, and renders both principal and such legal interest collectible.

### *Appeal from Louisa Circuit Court.*

### SATURDAY, JUNE 12.

THIS is an action in equity, the object of which is to cancel a mortgage upon certain real estate, upon the alleged ground that said mortgage was usurious, and that a sum equal to the principal secured thereby had been paid. Upon a trial on the merits the petition was dismissed, and the plaintiff appeals. The facts appear in the opinion.

*R. H. Hanna,* for appellant.

*Sprague & Springer,* for appellee.

ROTHROCK J.—The plaintiff, being the owner of certain shares of the capital stock of the defendant, applied for a loan of money upon said shares. He obtained a loan of $402, for which he agreed to pay a premium of $198. To secure the payment of the loan he executed to the defendant a mortgage upon two lots in Columbus City, by which he contracted to pay the defendant ten per cent per annum interest on not only the sum of $402 actually received by him, but also upon the sum of $198, being the premium for the loan. Afterward he sold and conveyed the mortgaged lots to one Stronach, and the loan and membership in the building and savings association were transferred to Stronach. Stronach sold the mortgaged property to one Esther Forbes, October 24, 1877. In Octo-

ber, 1879, Forbes sold said property to R. H. Hanna, and in the same month Hanna sold and conveyed the same to the plaintiff. It appears from the record before us that the dues and other obligations accruing by reason of membership in the association were paid by the parties owning the mortgaged property. An actual transfer of the stock was made by Phillips to Stronach. No formal transfer was made upon the books of the company from Stronach to Forbes, but it appears that Forbes paid the dues while she owned the property.

In June, 1878, there was a meeting of the stockholders of the association at which it was resolved that all interest theretofore charged and collected on premiums be refunded or credited to those entitled thereto, and that thereafter interest be charged on the actual loan of money only. This action was taken in order to purge the loans of the association of usury under the decision of this court in *Hawkeye Benefit and Loan Association v. Blackburn*, 48 Iowa, 385. The sum of $104.50, being the amount of the interest which had been paid on the premium, was credited to the shares of stock which then stood on the books in the name of Stronach, but which were actually owned by Forbes. No interest was, at any time after that, charged or collected upon the premium, and that which had been paid was refunded by Mrs. Forbes accepting it as a credit, and it was applied upon dues thereafter accruing until it was exhausted. After that, and while Mrs. Forbes owned the property, she paid the dues and interest, but no payment of interest was made or demanded upon the premium.

Counsel for appellee contend that the exaction of interest at the rate of ten per cent per annum upon the premium, and also upon the money actually paid to the borrower, is not usurious under the mortgage in suit, and the articles of incorporation of the defendant. Without entering upon a discussion of that question we will say that we think the loan, as originally made, was within the rule announced in

*Hawkeye Benefit and Loan Association v. Blackburn, supra.* But we think, nevertheless, that the plaintiff's petition was properly dismissed, because the contract was purged of usury by the act of the parties in interest, while plaintiff was not a member of the association. The evidence shows, beyond question, that the resolution refunding the interest which had been paid upon the premium was acceded to by Mrs. Forbes, the real party in interest. She accepted the credit, and it was applied upon the lawful interest and dues which thereafter accrued, and when it was exhausted, and she was again required to make payment, she expressed her regret that the credit "had given out."

It cannot, we think, be seriously questioned that the parties in interest to a usurious contract may, by a new contract, purge the transaction of usury. Suppose, in the case of an ordinary loan of money at usurious rates of interest, after the payment of several instalments of such interest, the lender should credit the note with the full amount thereof, and call the attention of the borrower thereto, and the borrower should assent to such credit, and afterward make his payments in such time and in such amounts as that no usury whatever is exacted. Surely, such a modification of the original contract would be binding upon the parties. It purges the original contract of usury. Under such a modification the usurious interest is, in effect, paid back, and a new contract is made which is free from the illegal taint of usury. When the loan and the shares of stock, which were really owned by Mrs. Forbes, were credited with the usurious interest which had been paid, and she accepted the credit, the transaction was the same as though the defendant had paid her in money.

Counsel for appellant claim that the penalty for usury cannot be avoided by substituting one contract for another, and he cites *Campbell v. McHarg,* 9 Iowa, 354; *Nichols v. Levins,* 15 Id., 362; *Burrows & Prettyman v. Cook & Sargent,* 17 Id., 436. These cases hold that a change of secur-

ity, by taking up an old note and giving a new one, does not avoid the prohibition of usury, and that where it enters into a transaction, either directly or indirectly, it taints every part of it.   But we are aware of no case which holds that parties may not, by a modification of the contract, purge it of usury. Certainly it may be done by refunding the usury, and leaving the contract thereafter to draw the legal rate of interest.

AFFIRMED.