## A. FAY KING AND OTHERS v. L. O. SMITH.[1]

February 10, 1928.

No. 26,433.

**Grant of motion to strike out answer and for judgment was proper.**

    1. A motion to strike out the answer and for judgment as prayed for in the complaint was properly granted on the facts stated in the opinion.

**Stipulation of settlement of usurious note is valid consideration for compromise.**

    2. A note tainted with usury may be purged thereof by a compromise and settlement such as was made here.

Pleading, 31 Cyc. p. 619 n. 63 New.
Usury, 39 Cyc. p. 1002 n. 7.

See note in 13 A. L. R. 1220; 27 R. C. L. 251; 4 R. C. L. Supp. 1753; 5 R. C. L. Supp. 1469.

Defendant appealed from an order of the municipal court of Minneapolis, Fosseen, J. striking out her answer as sham and frivolous. Affirmed.

*W. H. McDonald,* for appellant.
*Bartlett & Bartlett,* for respondents.

HILTON, J.

This is an action brought on a promissory note for $700 dated May 1, 1924. The note was executed by appellant in favor of A. Fay King, Alice S. King Bell and William Luedke, executors of the estate of Silas King, deceased, who died August 28, 1923. This note was thereafter indorsed and delivered to the same individuals as trustees of a trust created under the provisions of the last will of said Silas King. There was no dispute as to the making, execution and delivery of the note or as to the respondents' being the owners thereof.

[1] Reported in 218 N. W. 102.

The appeal is from an order striking out the answer as sham and frivolous.

1. The complaint was in the usual form in a suit on a promissory note. The answer, dated April 5, 1927, interposed the defense of usury, alleging that on or about March 24, 1922, appellant borrowed from Silas King $1,000, represented by a note for that amount bearing six per cent interest; that said King had received from the defendant $250 in addition to the interest provided in said note; that instead of $1,000 she received but $750. It was further alleged that on May 2, 1924, the respondents, as executors, procured her to make, execute and deliver the note set forth in the complaint after the defendant had made payments on the original claim of more than $300; that the note here sued upon was a renewal of said $1,000 note and that both notes were usurious and void.

Respondents' then attorney, Paul S. Carroll, upon the pleadings and upon his own affidavit and that of Alice S. King Bell, made April 11 and April 13, 1927, respectively, applied to the court for an order striking out the answer as sham and frivolous and for judgment as demanded in the complaint.

The Bell affidavit alleged that appellant had filed a claim against the estate of Silas King in the sum of approximately $800. The first item of the claim was: "I. Amount due on note dated March 24th, 1922, for $1,000.00 and accrued interest, $250.00." The other items were principally for services claimed to have been rendered. (The record is not clear as to whether the claim was for $840 or $855.)

It is further stated in the Bell affidavit that on or about May 1, 1924, said affiant Bell, together with William Luedke, one of the other trustees, and H. G. Carleton went to the office of appellant to interview her concerning said claim against the estate; that at that time they informed said appellant that they were in possession of four notes aggregating the sum of $1,550, signed by said appellant and payable to Silas King, which said notes were respectively for $100, $150, $1,000 and $300; that said appellant at that time admitted the execution of said notes and at no time made any claim of usury on any of them; that a stipulation was entered into by and

between the said appellant and the said respondents, which stipulation was as follows:

"State of Minnesota,                                    Probate Court
"County of Hennepin

"In the matter of the estate of Silas King, Deceased.

"Whereas, L. O. Smith has filed a claim against the estate of Silas King, deceased, and in said claim admits certain notes to be due from her to the estate of Silas King, deceased, and to the executors of said estate, and

"Whereas, in addition to said notes admitted in said claim of said L. O. Smith, the executors hold a note of $1,000.00, made by said L. O. Smith to the above named Silas King, deceased, dated March 24, 1922, and due on or before January 3, 1931.

"Now Therefore, it is stipulated and agreed by and between said L. O. Smith and A. Fay King, Alice S. King Bell and William Luedke as executors of the estate of Silas King, deceased, that the claim of L. O. Smith against the estate of Silas King, deceased, be withdrawn and disallowed in full, and that said L. O. Smith have no further claim against the estate of Silas King, deceased, and said L. O. Smith hereby releases and discharges said estate of Silas King, deceased, and the executors of said estate of said Silas King, deceased, and the heirs of said Silas King, deceased, from any and all claims whatsoever.

"Said L. O. Smith further agrees to execute and deliver to the executors of the estate of Silas King, deceased, a note for the sum of Seven Hundred Dollars ($700.00), with interest at six (6) per cent per annum, due on or before the first (1st) day of May, 1926.

"Dated Minneapolis, Minn., May 2, 1924.

                    "L. O. Smith
                    "A. Fay King
                    "Alice S. King Bell
                    "William Luedke
                          "As Executors of the Estate
                              of Silas King, Deceased."

It will be noted that the $1,000 note was mentioned and disposed of by the settlement made in the stipulation. There was evidently another note for $165 made by appellant in favor of Silas King which was also disposed of in the settlement as well as interest on all of the notes. It is further stated in the affidavit that pursuant to said stipulation the note sued upon was made, executed and delivered.

The affidavit of Carroll states that shortly after the 26th day of March, 1927, on which day the summons and complaint were served upon appellant, she called affiant over the phone and asked if some arrangement could not be made relative to the action; that he told appellant that if she could make some payment or arrange for monthly payments perhaps it could be arranged; that said appellant informed affiant that she was not in a position at that time to make any payment upon the note, but that she would be willing to give a new note including the interest to date, payable one year from date, but that affiant refused to accept the proposition. Affiant further stated that appellant at no time claimed there was any usury in connection with the note sued on in the complaint or any previous notes.

Appellant does not deny the statements contained in the Bell and Carroll affidavits. She made an affidavit on the 25th day of April, 1927, in which she stated that she had read the affidavit of Alice S. King Bell and knew the contents thereof; that at the time of the settlement referred to in said affidavit she, said affiant, had a good and valid existing claim filed with the probate court against the estate of Silas King, deceased, in the sum of $855. (This sum included the $250 claimed as still due her on the $1,000 note.)

This affidavit also contained other statements which are absolutely inconsistent with conceded facts and unsuccessfully attempted to figure out a payment alleged in the answer to have been made.

Upon the record before us, we are of the opinion that the action of the municipal court in striking out the answer as sham and frivolous and ordering judgment for respondents was proper. Though opportunity was afforded several times, not until nearly

three years after giving the note in suit did appellant make any claim as to usury. It was first asserted in her answer dated April 5, 1927. Prior to that time she had filed a claim in probate court in which she stated there was still $250 due her of the $1,000 represented by the note for that amount given to King. Her whole claim was allowed in the settlement effected by the stipulation. She thus received the $250 claimed to be still due her as a consideration for that note. Appellant's own assertions, her conduct and admissions, are wholly inconsistent with the claim of usury.

2. The note in suit is not in any sense a renewal of or substitute for the one claimed to be usurious within the rule of Jordan v. Humphrey, 31 Minn. 495, 18 N. W. 450. It arose out of a subsequent and independent transaction, the stipulation of settlement, and therefore stands upon a new and valid consideration. That a compromised claim was, in its inception, tainted with usury does not prevent its being the subject of a compromise. So, even if the $1,000 note was tainted with usury, there is ample authority for the proposition that it was purged thereof by a settlement such as was made in this case. Phillips v. Columbus City Bldg. Assn. 53 Iowa, 719, 6 N. W. 121; 27 R. C. L. 251; 27 R. C. L. Supp. 1753.

Order affirmed.