BURLINGTON GAS LIGHT CO. v. GREENE, THOMAS & CO.

1. **New trial:** DISCRETION. The action of the court below in refusing a new trial, on the ground that the verdict is against the evidence, will not be disturbed where several trials resulting in the same verdict have been had, except in an exceedingly strong case of abuse of judgment on the part of the jury, and of discretion on the part of the court in refusing another trial.

2. **Evidence:** OF WRITTEN NOTICE. While secondary evidence of the contents of a written notice, the absence of which is not accounted for, may not be given in evidence, the *fact* of notice may nevertheless be shown.

3. —— DEPOSITION : ARGUMENTATIVE ANSWER. The answer of a witness to the general and concluding question in a deposition, to state any other matter material to the controversy, which merely gives, in a more connected form than in previous answers, his knowledge of the transaction and attendant circumstances, together with the reason for his action in the premises, is not objectionable, on the ground of being argumentative.

4. —— The fact that small portions of an answer are objectionable on the ground of argumentativeness, will not sustain an objection to the answer as a whole on that ground.

5. —— ERROR WITHOUT PREJUDICE. The admission of evidence which, though erroneous, could have worked no prejudice to the party objecting, will not operate to reverse the judgment.

6. **Instructions:** HOW TO BE CONSTRUED. Instructions should be construed in connection with the actual facts of the case, and if, as thus construed, they are, when taken together, correct, the fact that isolated portions are subject to criticism, as being erroneous, constitutes no sufficient cause for reversal.

*Appeal from Jefferson District Court.*

WEDNESDAY, DECEMBER 8.

ACTION upon a note. Defense, payment, in the note of a third party. Plaintiff, admitting the receipt of said note, says it was taken as collateral. Trial, and verdict for plaintiff, and new trial ordered. See 21 Iowa, 335. Second trial — verdict and judgment for defendants; appeal to this court; reversed and remanded (22 id. 508); venue changed, on plaintiff's motion, from the

county (Des Moines, in first judicial district) where action was commenced to Jefferson county, in the sixth judicial district; trial, verdict and judgment for defendants, and plaintiff again appeals.

*P. Henry Smythe* for the appellant.

*Charles H. Phelps* for the appellees.

WRIGHT, J.—I. The question of fact submitted to the jury — and the parties agree that this is the very matter in controversy — was, whether the note of the third party (Start & Gaddis) was taken by plaintiff as *payment* or *collateral security*. If the former, then plaintiff cannot recover; if the latter, it can, as to the difference between the note in suit and the amount realized from the collateral. To this question of fact, plaintiff's counsel directs most of his argument, maintaining most earnestly and at great length that the verdict thereon was against the decided preponderance and great weight of the testimony.

1. NEW TRIAL: discretion.

The court below ordered a new trial upon the coming in of the first verdict, and since that time two juries before different judges have found for defendants. Under such circumstances, it would require an exceedingly strong case indeed of abuse of judgment on the part of the jury, and of discretion on the part of the judge refusing a fourth trial, to justify our interference upon the grounds here urged by appellant. The issue presented was plain and single. To it the great body of the evidence, as we read it, not a little conflicting, and which it was the sole province of the jury to weigh and determine, was directed. It does not differ essentially from what it was on the third trial; and, as was said upon this point on the former appeal, " in such cases " (of conflict, and especially after two concurring verdicts) " there is no rule of law which would justify us in interfering on the ground speci-

fied." See on this subject the case and authorities there cited, as found in 21 Iowa, 335.

2. EVIDENCE: of written notice. II. But it is also objected that the court erred in admitting certain evidence.

*a.* The objection to the answer to the fifth interrogatory in the deposition of the witness (and defendant) Thomas was, that it gives the contents of a written notice, without undertaking to account for its absence. The record shows, however, that so much of the answer as stated the contents of said notice was excluded. Before the trial, plaintiff moved to suppress the same, and this motion was sustained. It is true that a portion of the answer not suppressed speaks of a notice on defendants' banking-house door, and of plaintiff's information, through the president, of what was in the notice, but no word of its contents was permitted to go to the jury. It was competent, of course, to state the *fact* of notice. This is most familiar law.

*b.* The objection to certain parts of the answer to the fourteenth interrogatory to the same witness was, that they were *argumentative.* This question was the concluding and general one; asking the witness to state any other matters material, etc. The answer is quite lengthy, covering several pages, and in it the witness undertakes to give, in a more connected form than in his previous answer, the transaction attending the surrender of the Start & Gaddis note.

3. —— deposition: argumentative answer.

A very large portion of it had been previously suppressed, on plaintiff's motion. And upon the trial an objection was made to other parts (as to which the motion to suppress had been overruled), and then withdrawn. Waiving any question as to the duty of plaintiff to have made this objection before the commencement of the trial (Rev. § 4089), we are of the opinion that the court below correctly overruled the

objection. It by no means follows, that, because a witness gives a *reason* for doing a particular thing, his answer or testimony must be regarded as argumentative. Nor would a like conclusion follow because his evidence may contain other than a statement of the facts connected with the transaction in controversy. Thus, the witness having stated a fact, it often becomes material to ascertain why or for what reason he so acted, or why, knowing a particular fact, he did not demean himself otherwise. And these propositions are of more pertinency, when, as under our statute, the parties themselves are witnesses for and against each other. To illustrate: In this case it appears that a receipt was given by plaintiff for the Start & Gaddis note, containing words manifestly showing that it was received or taken as collateral and not in payment. Defendants, however, insisted that this receipt was taken by their book-keeper after the contract had been made between them and plaintiff's agent; that the clerk or book-keeper had no authority to take any such receipt; and that they were, hence, not bound, etc. How pertinent the inquiries, therefore, " Why did you keep it?"  " Why, after knowledge of its contents, did you not surrender it?" If these questions had been directly propounded, can there be any doubt that the witnesses might have explained the apparent inconsistency of the act of holding the receipt, with the claim that there had been no ratification of the act of the clerk? And yet this, and no more, was just what was done in this instance, in a part of the answer objected to, when given to the general question. The sufficiency of the reason we have nothing to do with; that was for the jury. We simply hold that such testimony is not objectionable, upon the ground of being argumentative. And the same remark is applicable to the other parts of the same answer objected to; as also the further

one, that parts thereof consist of the statement of facts quite material, and subject to no conceivable objection. Thus, it was important to know the extent of the knowledge possessed by plaintiff's agent of the nature of defendants' business, and the manner of conducting the same, as also what knowledge he had of the duties and powers of their book-keeper. To assist in showing this, the witness stated how long the agent had transacted business at defendants' bank, his acquaintance with the book-keeper, and what knowledge he had of his right to bind defendants. And though we should concede that a sentence here and there of the part of the answer now under consideration was objectionable, it must be remembered that it was objected to as a whole upon the ground stated (argumentativeness), and as it is very certain that it was not all thus objectionable, the ruling was not erroneous, and is, therefore, affirmed.

*c.* The objection to the action of the court, in allowing certain "figuring at the bottom of the receipt," "and a 5. —— error without prejudice. certain statement" attached to the same paper, to go to the jury, is the last matter demanding our attention, under this head; and, as to this, we say, first, that the objection was quite too general to warrant interference on our part with the action of the court below. Rev. § 3107. If sufficiently specific, however, we remark, in the second place, that it is impossible for us to conceive how plaintiff was injured by the evidence, however erroneous the action of the court. The figures and statement (the latter certainly) are of the date of the receipt, and do no more than express, in figures, the state of the account between the parties, having reference to the receipt and other data attached, as to the correctness of which there is no controversy. And when it is remembered, in the *third* place, that there was testimony *tending* to show that the "statement" was in the

handwriting of and signed by plaintiff, its admissibility is but too apparent. If in his handwriting, there could be no question remaining as to its competency. What the truth was on the subject, it was for the jury to judge.

III. Finally, errors are assigned upon the action of the court, in giving and refusing certain instructions. As 6. INSTRUCTIONS: was said on the last appeal, "it is apparent how to be construed. that the case is not a difficult one." The one question of fact settled, how was the Start & Gaddis note received? in *payment* or as *security?* and nothing remains for controversy. Its determination involved no principle of law either novel or difficult. Indeed, every rule applicable is almost fundamental. And it would certainly be strange, after what had been said by us on the former appeals; after the judge on the last trial had availed himself of the instructions given before those asked and refused; after he had heard full discussion on all the points made,— we say it would be strange, in a case presenting so little difficulty in its law, if error of the slightest nature in this respect had intervened. Nor, in our judgment, has there. And the case on this point may be disposed of by one remark. The instructions in chief are exceedingly clear and pointed, following, for the most part, the law of the case, as settled on the former appeal. If they fall short of this in any respect, the whole ground is completely covered in the additional instructions given at plaintiff's instance. Those asked and refused were given (more than once in some instances) in the prior instructions. Those asked by defendants, and given, are in full accord with the former opinion. It is possible, by taking sentences in the refused instructions, or in those given at defendants' instance (no exceptions were taken to the instructions in chief), that a strict criticism might detect errors, and especially so if disconnected from the actual facts of the case, as defendants might

reasonably claim them to be. In no case, however, is this ever allowable. And, least of all, should it be upon the third trial of a case, at the end of a ten year litigation, when the general principles applicable are plain and undisputed, when at most the court selected its own language, instead of that of counsel, in giving the case to the jury, and when it is hardly probable that another jury would reach any different result. And because the instructions involve no new question, we shall not incumber the records by discussing them at length.

Affirmed.