## Penn v. McLaughlin.

**New trial:** WHERE NEW TRIALS HAVE BEEN PREVIOUSLY GRANTED. In an action before a justice of the peace, plaintiff recovered judgment. On appeal there were three successive verdicts for defendant on re-trials had. On appeal to the supreme court it was claimed that the verdict was contrary to the evidence. *Held*, that while a portion of the court would be better satisfied with a different verdict, yet that the three verdicts for defendant authorize the conclusion that another trial would not result differently.

Penn v. McLaughlin.

*Appeal from Buchanan Circuit Court.*

TUESDAY, JUNE 10.

THIS action was commenced before a justice of the peace of Deleware county upon a claim for damage done by animals of defendant trespassing upon plaintiff's land, and upon an account of different items. Defendant denied the matter set out in plaintiff's claim and account, and filed a cross-demand upon an account for services, cash, etc. Upon a trial to a jury a verdict and judgment for $25 and costs was rendered for plaintiff. An appeal was taken to the circuit court, when the venue was changed to Dubuque county where, upon trial, a verdict of $10 was rendered for defendant. A new trial was granted, and upon application by plaintiff the venue was again changed to Buchanan county where, upon a trial, a verdict for $53.85 was rendered in favor of defendant. Another new trial was granted, and a verdict for defendant was had therein, upon which judgment was rendered against plaintiff for costs. From this judgment plaintiff appeals.

*S. Hussey* and *G. Watson* for the appellant.

*Peters* and *Heath* for the appellee.

BECK, Ch. J.— The only errors assigned are based upon the ground that the verdict is not supported by the evidence and is in conflict with the instructions given to the jury.

While some of us would have been better satisfied with a different verdict and would, were we discharging the functions of jurors, upon the evidence before us, be inclined to find for plaintiff, we yet think that the verdict is not without support in the evidence and cannot be regarded as so in conflict therewith, as to indicate that it was the result of passion and prejudice and not the fair and honest expression of the minds of the jurors based upon the proofs before them. Neither do we think that the instructions of the court were disregarded

by the jury in reaching the conclusion expressed by their verdict. A discussion of the evidence in support of these views is not called for by the nature of the case, and such discussion in cases of this character we are not accustomed to enter upon. Of four verdicts rendered in the case, defendant has recovered three, and the last one, which the court below in our opinion wisely permitted to stand, is the most favorable to plaintiff of all that were rendered against him. There is no complaint made that he did not have a fair trial in each instance. It appears to us that his experience ought to lead him to doubt his success in another trial, which he seeks by this appeal to obtain, should it be allowed him. The three verdicts against him authorize us to presume that another trial would result in the same way.

Affirmed.