## HOLLENBECK v. THE CITY OF MARSHALLTOWN.

1. **Former Adjudication**: SPECIAL VERDICT: AVOIDED BY NEW TRIAL. Where a jury made a special finding of fact, upon which the defendant moved for judgment, notwithstanding the general verdict for plaintiff, and also moved for a new trial subject to its motion for judgment, and the court overruled the motion for judgment, but granted a new trial, *held* that the order gave a new trial to both parties upon all the issues, and that the special finding of the jury did not adjudicate the fact found by them, as between the parties.

2. **Challenge to Jurors**: RESIDENTS OF DEFFNDANT CITY. Where a city is defendant in an action for damages, it has no right to challenge a juror on the ground that he, though a resident of the city, is not a taxpayer.

3. **Cities and Towns**: INJURY ON SIDEWALK: EVIDENCE: FACTS, NOT OPINIONS. In an action based on injuries caused by a defective sidewalk, it was not competent for witnesses for defendant to testify that plaintiff limped when she was observed, but did not limp when she was not observed, because whether she was observed or not must have been a matter of opinion. The witnesses were properly confined to a statement of facts as seen by them. For a like reason, it was not competent for a witness to state whether or not the walk was ordinarily good or not.

4. **Verdict**: EVIDENCE TO SUPPORT. Where a cause has been twice before tried before the same judge, and with the same result, and the verdict has been as often set aside, and on the third trial the judge has refused to set aside the verdict and grant a new trial, this court will not interfere, even though it may have doubts about the sufficiency of the evidence to sustain the verdict.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 18.

THIS is an action to recover for a personal injury which, it is alleged, was received by plaintiff by reason of a fall upon a defective sidewalk. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.

*Brown & Carney*, for appellant.

*Sutton & Childs*, for appellee.

ROTHROCK, J.—I. The sidewalk where the injury was re-

ceived was upon one of the principal streets of the city. It

*1. FORMER adjudication: special ver- dict: avoided by new trial.* was constructed by placing two stringers length-wise of the street, with two inch planks nailed across the stringers. The walk was some four feet in width. On the evening of the twenty-first of April, 1880, and after night-fall, the plaintiff and another woman were going along the walk, and the other woman stepped upon a loose plank in the walk and tipped it up, and the plaintiff came in contact with the plank, or stepped into the opening, and fell and was severely injured. An action was brought against the city to recover damages for the injury. A trial was had, which resulted in a verdict for the plaintiff for $3,000. The verdict was set aside and a new trial granted. A second trial was had, which resulted in a verdict for $1,150, which was also set aside and a new trial granted. The cause was again tried, and a verdict of $1,000 was returned. Motions in arrest of judgment and a motion for a new trial were overruled, and judgment was entered upon the verdict. From this judgment the present appeal was taken.

Counsel for appellant contend that the only possible ground upon which the jury could have found the defendant liable was that the walk, at the point where the accident happened, was so openly and notoriously defective as that the proper officers of the city should, in the exercise of reasonable and ordinary diligence, have known of the defect and repaired it. And it is claimed that the jury, on the second trial, found, in answer to a special interrogatory, that the defect was not so open and notorious as to render the city liable for injuries resulting therefrom. It appears that the jury did so find at the second trial, and the defendant moved for judgment in its favor on the special finding, and also moved for a new trial, subject to the motion for judgment. The court overruled the motion for judgment upon the special finding, and sustained the motion for a new trial. From these rulings no appeal was taken.

It is now claimed that the said special finding is an adju-

dication binding upon the plaintiff. We think otherwise. The order setting aside the verdict on the second trial gave a new trial to both parties upon all the issues in the case, the same as if no trial had ever been had. The point requires no further attention. It appears to us that the mere statement of it is sufficient to support our conclusion.

II. The defendant challenged some of the jurors, because it appeared that, while they were residents of the city, they were not tax-payers. The challenges were overruled. This is made the ground of an objection to the jury. The ruling of the court on this question was correct. In *Dively v. The City of Cedar Falls*, 21 Iowa, 565, and in *Davenport G. L. & C. Co. v. The City of Davenport*, 13 Id., 229, it was held that it was no abuse of the discretion of the court to exclude from the jury tax-payers, residents in the cities which were defendants in those actions. Of course, if this was not error, it would not be erroneous to try the case by jurors who were not tax-payers in the city.

*2. CHALLENGE to jurors: residents of defendant city.*

III. Certain witnesses were examined by the defendant, who testified that the plaintiff, after the injury, when walking, at times was not lame, and at other times she limped. It was sought to show by these witnesses that when the plaintiff saw them she changed her gait from a perfect walk to a limp. The court refused to allow the witnesses to state that this change took place when the plaintiff saw that she was observed, because, whether or not she saw that she was observed, was a matter of opinion. Appellant's counsel complain of these rulings. We think this was no error, especially in view of the fact that the witnesses were permitted to state that they had seen plaintiff when she did not limp at all, and then immediately, upon turning her face in the direction of the witnesses, she limped very much.

*3. CITIES and towns: injury on sidewalk: evidence; facts, not opinions.*

Other objections are made to rulings on the admissibility of evidence. One witness was asked whether the walk in question was an ordinarily good walk or not, and an objec-

Hollenbeck v. The City of Marshalltown.

tion to the question was sustained. This was correct. It is plain that the question sought the opinion of the witness as to whether or not the walk was a good one.

IV. The court refused to give any of the instructions to the jury asked by the defendant, but gave full instructions upon its own motion upon all the issues in the case. These instructions properly applied the evidence to the issues, and throughout they were as favorable to the defendant as it had any right to ask.

There was no evidence that there was any actual notice to the proper officers of the defendant that the walk was out of repair, and the court instructed the jury that there was no such evidence. There was some question made in the evidence as to whether the original construction of the sidewalk was defective, but this was practically taken from the jury by the instructions of the court. We deem it sufficient to say, without setting out the charge of the court at length, that it fully and fairly instructed the jury upon the questions whether the defect in the sidewalk was and had been so open, observable and notorious that it should have been seen and repaired by the city officers before the accident, and whether or not the plaintiff exercised the proper care and caution, in traveling upon the walk, to free herself from contributory negligence. A careful examination of the instructions given and those refused leads us to the conclusion that there was no error in this regard.

V. A more serious question is whether the evidence as to the open and notorious character of the defect was such as 4. VERDICT: evidence to support. to justfy the verdict of the jury; and we are free to say that upon this question some of us have very serious doubts. If nothing were shown but the fact that the plank in the walk was loose, and that it remained in its place, we would be agreed that the verdict could not be sustained. But there was evidence that before the accident the board had been out of its place and out in the street, and so remained for days at a time. Several witnesses testify to this

fact. It appears from the evidence of these witnesses that the plank was at some times out of and at other times in the walk, for sometime before the plaintiff was injured. Some of the witnesses testified that they threw the plank out of the walk and into the street, and then some one would put it back in its place again. And one witness stated that the plank was out for a week at a time. Now, it is not made absolutely certain that the plank these witnesses testify about was the one which tipped up and caused the injury, but we think the jury were fairly warranted in so finding.

On the other hand, many witnesses were examined, who testified that they passed over the walk daily, and that there were no loose planks at the point where plaintiff was injured. And one witness testified that two weeks before the accident he repaired the walk and nailed down all the loose boards. In this state of the testimony, it is apparent that we cannot interfere with the verdict. We have not stated all of the evidence, and some of us, as we read it in the abstract, would have been better satisfied if the learned judge who tried the case had set the verdict aside. But the record shows that the cause had been twice tried before the same judge, with the same result, and we cannot be put in his place, and have all the aids which an examination of witnesses in open court affords.

There are some minor questions raised by counsel to which we have not alluded in this opinion. They do not seem to us to have had any influence in the determination of the case, and we find no error in them. The judgment of the district court must be.

AFFIRMED.