HAZZARD *vs.* THE MAYOR, etc., OF SAVANNAH.

On the first trial of this case, a verdict was found for $3,000; a new trial was granted, and this grant was affirmed, this court remarking that the case for the plaintiff was a weak one. On the second trial, the jury found for the plaintiff $3,700; another new trial was granted, and again the judgment was affirmed, this court saying that a moderate verdict might be allowed to stand, but inasmuch as the amount of the first verdict had been increased in the second, the grant of the new trial would be sustained. On a third trial, the jury found for the plaintiff $1,400. The court again granted a new trial, and announced that he would do so continuously and indefinitely, because, in his judgment on the facts, there could be no recovery:

*Held,* that this was error, there being evidence on which the verdict could be based, and this being the third finding for the plaintiff.

March 23, 1886.

Verdict. New Trial. Before Judge HARDEN. City Court of Savannah. July Term, 1885.

Hazzard brought suit against the Mayor, etc., of Savannah to recover for a personal injury, caused by falling over certain lumber which was lying in a street, and which projected over the edge of the sidewalk. There was evidence on behalf of the plaintiff to the effect that the lumber had been lying in the street for about a week, in front of a building which was being repaired; and that on the night of the injury the street was not lighted. One witness testified that he noticed that some of it projected over the edge of the sidewalk two days before the injury to the plaintiff. Another stated that, while walking along the sidewalk, he had stumbled over the lumber on the night before the plaintiff was hurt. The other facts are stated in the decision.

For the former decisions in this case, see 72 *Ga.*, 205; 74 *Id.*, 377.

RICHARDS & HEYWARD; J. J. ABRAMS, for plaintiff in error.

H. C. CUNNINGHAM, for defendants.

JACKSON, Chief Justice.

On the first trial of this case, the plaintiff in error recovered $3,000.00; a new trial was granted by the judge of the city court, and this court affirmed that first grant of a new trial, remarking that the case was a weak one for the plaintiff. On the second trial, the plaintiff recovered $3,700.00; another new trial was granted, and also affirmed by this court. It was then said substantially by this court, that while a moderate verdict might be allowed to

stand on a second trial, yet as the first verdict had been increased $700.00, when the case had been characterized here as a weak one for the plaintiff, it would approve the second grant of a new trial by the court below.

Now a third verdict for plaintiff is before us for $1,400.00; another new trial has been ordered by the court below, and the plaintiff excepts to the third grant. The court below also announced to the effect that it would grant new trials continuously and indefinitely, because, in its judgment, on the facts, there could be no recovery.

Inasmuch as this court has twice intimated a contrary opinion, by first characterizing the case as a weak one, which cannot imply that it is no case at all, and secondly, by expressing the opinion that a moderate verdict might be allowed to stand; while one in excess of the first verdict could not be tolerated, and inasmuch as the court below, holding a contrary opinion, will not allow any verdict for plaintiff, however reasonable, to stand, this court has no option, but is required by its former adjudications, to which it adheres in opinion now, to reverse the grant of a new trial and direct that the verdict stand.

The lumber had lain in the street and a part of it projected over the sidewalk long enough, in our judgment, to charge the city with notice; and there being no light from the city lamps, or other temporary light, to warn citizens and others of danger on a dark night from the obstruction of the lumber projecting over the sidewalk far enough to cause the disaster, there is evidence of negligence. In our judgment, therefore, the evidence is sufficient to support the verdict; and the questions of fact being the peculiar province of the jury, and that body having three times, by three several and different representatives of the jury-box each time, found for the plaintiff, and the last time a considerate and reasonable verdict, the law, which invests that body of men of the vicinage with the judgment over facts, as it does the presiding judge over law, will not permit this court in the last resort to allow

the judge to control the jury *ad infinitum* upon facts, where there is evidence (though, in the judgment of that court and this, it be comparatively weak) on which repeated findings may rest; because to allow this will be to allow the judge to oust the jury of its constitutional prerogative, and thus to unite in one, two separate jurisdictional powers clothed by the constitution and laws with distinct functions. See this case reported in 72 *Ga.*, 205 ; 74 *Id* , 377.

Judgment reversed.