SLOCUM, BRENTON & HOOPES V. KNOSBY.

**Appeal:** EVIDENCE TO SUPPORT VERDICT.   Where there are successive
verdicts for the same party, and the district court finally refuses
to set aside the verdict because of the insufficiency of the evidence,
it requires a strong case of abuse of judgment on the part of the
jury to justify the interference of this court (see opinion for cita-
tions); and in this case, where the evidence was not free from con-
flict, *held* that this court could not reverse the judgment rendered
thereon.

*Appeal from   Dallas   District   Court.*—HON.  O. B.
AYRES, Judge.

FILED, MAY 31, 1890.

ACTION on promissory notes.   Judgment for defend-
ant, and the plaintiff appeals.

*D. W. Woodin,* for appellants.

*White & Clark,* for appellee.

GRANGER, J.—The only question in this case is as
to the sufficiency of the testimony to sustain the ver-
dict; appellant urging that the record shows that it is
the result of passion or prejudice.   It is not a case in
which there is no conflict in the testimony; but, judging
from the record before us, it largely preponderates in
favor of the plaintiffs.   Of course, the record does not
always present the testimony in its true light, or enable
us to know its real value; nor is it designed in law
actions that we shall settle questions of fact from sub-
stantial conflicts of testimony.   The cause has been
three times tried in the district court.   The first judg-
ment was reversed in this court on error as to the admis-
sion of testimony.   The district court set aside the
verdict at the second trial, as we understand, because of
the insufficiency of the testimony.   The district court

The Chicago Lumber Co. v. The Tibbles Manuf. Co.

at the last trial refused to set it aside for that reason. The three findings of the jury have been for the defendant.

We have held that where there are successive verdicts for the same party, and the district court finally refuses to set aside the verdict because of the insufficiency of the evidence, it requires a strong case of "abuse of judgment" on the part of the jury to justify our interference. *Burlington Gaslight Co. v. Greene*, 28 Iowa, 289. And see, also, *Penn v. McLaughlin*, 36 Iowa, 538; *Hollenbeck v. City of Marshalltown*, 62 Iowa, 21. We think that, in view of the testimony on which the case was submitted, and the successive verdicts for the defendant, we should not interfere. A discussion of the testimony would be of no use, and the judgment below must be                    AFFIRMED.