PHEBE J. McMURRIN, Appellee, v. WILLIAM T. RIGBY, Appellant.

1. **Evidence**: RIGHT OF WITNESS TO REBUT IMPEACHING TESTIMONY. Where a witness, on cross-examination, denied making a certain statement before the grand jury, and thereupon two of the grand jurors were called, who testified as to what the witness said before the grand jury, *held*, that the court properly allowed the witness to be recalled, and to state just what she said before the grand jury as to the point in controversy.

2. **Appeal**: EVIDENCE TO SUPPORT VERDICT AFTER REPEATED TRIALS. Where three juries in two different counties have found against the defendant upon the issues in a case, and two different trial courts have approved these verdicts, this court will not set aside the last verdict as being unsupported by the evidence, when the testimony, if believed by the jury, is ample to support the verdict, even though it appears that some of the facts relied upon by the plaintiff are unusual, or even improbable.

*Appeal from Jones District Court.*—Hon. J. H. Preston, Judge.

Tuesday, January 17, 1893.

Action to recover damages for an alleged rape. Jury trial. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed*.

*Wheeler & Moffit* and *Sheean & McCarn*, for appellant.

*J. W. Jamison* and *R. G. Cousins*, for appellee.

Kinne, J.—This is the second appeal to this court. The former opinion will be found in 80 Iowa, 322. The plaintiff charges that on November 7, 1887, and while she was in the employ of the defendant, at his house, as a servant, and in the absence of his family, the defendant did forcibly and violently assault her, tearing some of her clothes from her person, and with force and violence, and against her utmost resistance, did ravish and have sexual intercourse with her. She avers that by reason thereof she suffered in body and mind, and her former good name and reputation for chastity have been damaged beyond reparation. She prays for damages in the sum of ten thousand dollars. The defendant denies all acts of violence towards the plaintiff; denies having sexual intercourse with her against her will, or otherwise; denies that he assaulted her; and denies all damages.

I.  Ella McMurrin, a sister of the plaintiff, was, on cross-examination, asked as to whether she did not state to the grand jury that she "got to Rigby's that day about 1 o'clock, or half past, or words to that effect." She answered, "I think I will say that I did not." Two of the grand jurors were put upon the

1. Evidence: right of witness to rebut impeaching testimony.

stand by the defense, and testified as to what the witness said in the examination referred to. Their evidence tended strongly to show that she stated before the grand jury that she got there about half past one o'clock. The witness McMurrin was then recalled, and allowed to tell just what she claimed she stated to the grand jury touching the matter then in controversy. It is insisted that the court erred in permitting the witness, in rebuttal, to state what she testified to when before the grand jury.

It will be observed that, when the witness was on the stand at first, she was not asked as to what she in fact testified to before the grand jury, but as to whether she did not make a certain statement, which she denied; now it is clear that she had a right to explain her statement made to the grand jury. It was a material matter of controversy as to whether what she said before the grand jury related to the time she left her home for Rigby's, or to the time she in fact arrived at Rigby's; nor do we think it very material at what point in the trial she was permitted to state just what she did say to the grand jury. Much latitude is allowed to trial courts as to the order in which evidence may be introduced, and it would require a case showing a clear abuse of the discretion thus properly vested in the lower court to justify us in interfering. No such case is here; on the contrary, the action of the court below was right. The policy of the law is to allow witnesses every reasonable opportunity to explain or correct their testimony. The jury should have the aid of every legitimate and material fact which may assist them in arriving at a true verdict. They are in a position to properly judge of the truthfulness of the statements of the several witnesses. *Stoudt v. Shepherd*, 41 N. W. Rep. 696, 73 Mich. 588; *Oberfelder v. Kavanaugh*, 32 N. W. Rep. 295, 21 Neb. 483; *Pulliam v. Cantrell*, 3 S. E. Rep. 280, 77 Ga. 563; *Robinson v. Campbell*, 47 Iowa, 625.

II.  It is insisted that the evidence in this case
does not support the verdict, and that the verdict is
contrary to the instructions of the court. It
is said that the claim of the plaintiff is
improbable; that the testimony of Ella
McMurrin touching what she saw is so
improbable as to refute itself; that the commission of
rape, under the circumstances claimed by the plaintiff,
was an impossibility; that a man of the character of the
defendant would not be likely to commit the offense
charged, under the circumstances detailed in the evi-
dence.  Many other reasons are urged for setting this
verdict aside.  No useful purpose would be served by
entering into a discussion of the evidence.  Some of it
is referred to in the opinion on the former appeal.  We
have examined the record with care.  It may be con-
ceded that some of the facts relied upon by the plaintiff
to sustain her case are unusual, even if not improbable.
It appears that three juries, in two different counties,
have found against the defendant.  Two different trial
courts have approved these verdicts.  Surely, under
such circumstances, we can not indulge in the presump-
tion that the last jury was controlled by passion or
prejudice.  It was said in *Burlington Gas Light Co. v.
Greene*, 28 Iowa, 289: "The court below ordered a new
trial upon the coming in of the first verdict, and since
that time two juries, before different judges, have
found for defendants.  Under such circumstances, it
would require an exceedingly strong case, indeed, of
abuse of judgment on the part of the jury, and of dis-
cretion on the part of the judge refusing a fourth trial,
to justify our interference upon the grounds here urged
by appellant."  The rule that this court will not inter-
fere to disturb a verdict when there is sufficient evidence
to support it, and where the evidence is conflicting,
unless it clearly appears that it is the result of passion
or prejudice, is thoroughly settled by a long line of

2. Appeal: evi-
dence to sup-
port verdict
after repeated
trials.

authorities.    There is nothing in this case which would justify us in attempting to take it out from the operation of that rule.    If the jury believed the testimony of the plaintiff and her witnesses, there was ample evidence to justify the verdict.    They were the exclusive judges of the weight and value of the testimony, and their decision, having been reached without passion or prejudice, must stand.

The judgment of the district court is AFFIRMED.