KATIE WILDEBOER, Appellee, v. HENRY PETERSEN, Appellant.

DAMAGES:  Exemplary Damages—Excessiveness—Effect.  Exem-
1  plary damages grossly disproportionate to the actual damages as found by the jury vitiate the entire verdict, even though the court improperly limited the jury in the amount of actual dam-ages recoverable.  So held where the verdict was for $150 actual, and $5,000 exemplary, damages.

TRIAL:  Verdict—Excessiveness—$150  Actual, and  $5,000  Ex-
2  emplary, Damages.  Verdict of $150 actual, and $5,000 exemplary, damages reversed, as disproportionate.

*Appeal from Tama District Court.—JAMES W. WILLETT, Judge.*

FEBRUARY 16, 1918.

ACTION to recover damages for forcible defilement. Judgment for the plaintiff in the court below. Defendant appeals. Opinion states the facts.—*Reversed, and new trial ordered.*

*Thomas & Thomas,* for appellant.

*J. H. Scales, R. P. Kepler,* and *C. A. Pratt,* for appellee.

GAYNOR, J.—This action is brought to

1. DAMAGES:
   exemplary
   damages: ex-
   cessiveness:
   effect.

recover damages based on the alleged forcible defilement of the plaintiff by the defendant. The plaintiff, in her petition, after having alleged the facts upon which she predicates her right to recover, says that, because of the defilement, and as a natural consequence thereof, she gave birth to a child, to her great injury; and further, as a proximate result of said defilement, she became sick and sore, and sustained injury to her person, health, reputation, and feelings, suffered great humiliation and sorrow, to her damage in the sum of $15,000, and a further sum of $200 which she was compelled thereby to pay for medicine, medical treatment, and nursing. The cause was tried to a jury, and a verdict returned for the plaintiff in the sum of $5,150. The jury, at the time it returned its verdict, returned also answers to special interrogatories submitted by the court, as follows:

"Q. Is plaintiff entitled to actual damages? A. Yes. Q. If you state that plaintiff is entitled to actual damages, state the amount of actual damages which she is entitled to. A. $150. Q. Is plaintiff entitled to exemplary damages in this case? A. Yes. Q. How much do you allow as exemplary damages? A. $5,000."

It is the contention of the defendant that the amount of exemplary damages allowed is so disproportioned to the amount of actual damages assessed that the verdict ought not to stand as returned. This, we think, must be sustained. In holding this, we do not enter into a discussion of

the sufficiency of the evidence to justify the jury's finding as to the actual damages sustained. It is true that the amount of exemplary damages allowed in any particular case rests in the sound discretion of the jury. In the exercise of this discretion, the jury cannot be allowed to assess exemplary damages grossly disproportioned to the amount of actual damages found by the jury. The actual expenses, as shown by this record, sustained by the plaintiff, were $57.05 for her doctor's bill, and $16 for the services of an undertaker in burying the child. It appears that the child died soon after its birth. It will be noted that the plaintiff, in her petition, claimed $200 on account of this matter.

It is apparent that the jury was misled is assessing actual damages, but we have no way of knowing just how much the jury would have assessed, had the court not placed a maximum limit on the amount it could assess as actual damages. The court, in its fifteenth instruction, given as a guide to the jury as to what might be considered in determining and fixing the amount which plaintiff was entitled to recover as actual damages after reciting her claim, said, in substance:

"You are instructed that the plaintiff is entitled to compensatory or actual damages, * * * and you may include in such damages the elements of physical pain, mental suffering, insult, vexation, disgrace, loss of capacity to work, expenses of nursing and medical treatment, including the expense of burial casket for plaintiff's dead baby, not to exceed, under the pleadings and prayer of plaintiff's petition, the sum of $200. * * * In case you find that the plaintiff is entitled to recover of the defendant actual or compensatory damages, and you believe from the evidence that the assault upon plaintiff by the defendant, and his acts complained of in said petition, including the forcible defilement of plaintiff by defendant, therein charged, were

wilful, wanton, or vicious, conceived in the spirit of indifference to the civil obligations due the plaintiff from defendant, and uncalled for in their character, then the jury may add to such actual damages, if any such they find, such a sum as they may believe from the evidence will be reasonable and just as exemplary damages, or smart money, not exceeding the sum of $15,000."

2. TRIAL: verdict: excessiveness: $150 actual, and $5,000 exemplary, damages.

Now it is apparent, from the statement of the plaintiff claimed in her petition, that the $200 claimed as actual damages was limited to the amount which she was required to pay, or became obligated to pay, for medicine, medical treatment, and nursing, and that the $15,000 included all the other injuries which she claims she sustained, and was not confined to exemplary damages alone. We think the jury was clearly misled into believing that they could not allow more than $200 as actual damages; that all other sums assessed above $200 must be assessed, if at all, as exemplary damages. We are satisfied that the jury was misled as to the limitation upon the right to assess actual damages. We have no way of knowing what actual damages the jury would have assessed in plaintiff's favor, had they not been so limited. Exemplary damages, being a matter to be assessed in the sound discretion of the jury, cannot be reviewed by this court, reduced, or increased.

The jury found actual damages $150. Five thousand dollars exemplary damages are, in the judgment of this court, too disproportioned to the amount of actual damages allowed. Mental and physical pain and suffering, injury to health and reputation, were all elements of actual damages. The amount that will compensate for these things cannot be shown by direct testimony, and it is left to the sound judgment and discretion of the jury, in the light of all the facts and circumstances disclosed on the trial.

A review of the testimony in this case satisfies us that the record presents a fair question for the jury as to plaintiff's right to recover anything. In view of another trial, we are not disposed to discuss the testimony.

In *Cain v. Osler*, 168 Iowa 59, 67, an action for slander, the jury returned a verdict for $2,500. It was claimed that the verdict was excessive. This court said:

"Under the circumstances developed on the trial, the larger part of the award must have been based on the theory that the defendant should be punished for his wrongful act; or, in other words, the damages were largely exemplary, and not compensatory in character. * * * Under the circumstances, it is clear that the verdict is too large,—so much so, indeed, as to clearly indicate passion and prejudice on the part of the jury. We would not be doing our duty under the law to permit such a verdict to stand, * * * the only adequate remedy is to set the verdict aside and award a new trial."

See also *Saunders v. Mullen*, 66 Iowa 728, an action for maliciously causing the levy of an execution. Verdict $700. This court said:

"The actual damages sustained could not possibly have exceeded $50. The amount allowed, therefore, as exemplary damages is at least $650. We are forced to the conclusion that this amount is excessive. When the actual damages are so small, the amount allowed as exemplary damages should not be so large. It evinces, we think, prejudice on the part of the jury. * * * The amount of punitive damages that may be given in any case rests largely in the discretion of the jury. But such discretion is not unlimited."

See also *Sadler v. Bean*, 38 Iowa 684. In this case, the court reversed on the theory that the actual damages were so small,—the allowance for exemplary damages being more than five times the actual injury,—that the verdict could not be permitted to stand. The court said:

"The damages allowed are so disproportioned to the actual injury as to lead irresistibly to the conclusion that the verdict was not the result of a deliberate and dispassionate examination of the testimony."

While we may assume that the jury was actually misled by the instruction of the court limiting the amount of actual damages to $200, yet we have no way of knowing what the judgment of the jury really was or would be on this question if they were not misled on this point. We must assume, for the purposes of this case, that the finding of the jury as to actual damages rested upon what the jury found to be the actual damages sustained. We are led to this conclusion somewhat by the fact that the amount allowed as actual damages was less than the maximum limit allowed by the court. Assuming that the jury found the actual damages to be but $150, it follows that the amount allowed as exemplary damages is so disproportioned to the actual damages that the verdict cannot be permitted to stand; and a new trial is therefore ordered, that the parties may have an untrammeled verdict on the question of actual damages. We see no escape from this conclusion, and the cause is reversed, and a new trial ordered.—*Reversed and a new trial ordered.*

PRESTON, C. J., LADD and STEVENS, JJ., concur.