E. P. McElfresh et al., Appellees, v. Jesse McElfresh et al., Appellants.

APPEAL AND ERROR: Reservation of Grounds—Vague and Indefi-
1  nite Objections. Objections to a verdict that it was contrary
to and in violation of the law as given to the jury, and that
the court erred in admitting evidence over objections, and erred
in sustaining objections to evidence, and that the court erred
in so writing and reading his instructions to the jury as to
confuse them, and to render it impossible for them to under-
stand the law of the case, and unable to apply it to the facts,
and that the court erred in each and every paragraph of its
instructions to the jury, are of such vague and indefinite char-
acter that an exception to the ruling thereon raised no ques-
tion for the consideration of the Supreme Court.

APPEAL AND ERROR: Review—Scope and Extent in General—Ap-
2  peal from Ruling on Motion for New Trial. Where an appeal is
not taken from the judgment, but from the ruling on a motion
for a new trial, it does not bring up for review in the Supreme
Court any alleged error occurring in the trial, except as the rul-
ing complained of has been carried along in the motion as a
ground for setting aside the verdict.

APPEAL AND ERROR: Review—Scope and Extent in General—
3  Credibility and Weight of Testimony. Upon an appeal in an
ordinary action, it is not within the province of the Supreme
Court to pass upon the credibility of the witnesses or upon
the weight of their testimony.

EVIDENCE: Opinion Evidence—Nonexpert Witness. As a general
4  rule, to entitle the opinion of a nonexpert witness that the tes-
tator was of unsound mind to any consideration, the witness
must disclose the facts upon which his opinion is based; and
where the facts so disclosed are not such as to reasonably
support the conclusion of unsoundness, his opinion is without
value, and has no tendency to rebut the usual presumption of
sanity.

WILLS: Testamentary Capacity—Evidence. Evidence reviewed, in
5  a contest of a will on the ground of the testator's mental inca-
pacity, and held sufficient to sustain a verdict setting aside
the will.

WILLS:   Probate, Establishment, and Annulment—Duty of Executor
   6   —Assessment of Costs.   It is the duty of the executor of a will
       to file it for probate, and to make all reasonable efforts to sus-
       tain its validity; and it must be assumed that the defense of
       a will was made in good faith, and the proponent should not
       be penalized by the assessment of the costs.

WILLS:   Probate, Establishment, and Annulment—Costs—Discretion
   7   of Court.   The trial court has a certain discretion in deter-
       mining whether costs were properly incurred by the propo-
       nent in the contest of a will.

*Appeal from Shelby District Court.*—A. B. THORNELL and
J. B. ROCKAFELLOW, Judges.

JULY 7, 1919.

ACTION at law.   Contest of will.   Verdict and judgment
for contestants, and proponents appeal.—*Affirmed.*

*Earl S. Holton, S. B. Gwin,* and *G. W. Cullison,* for
appellants.

*Edward S. White* and *Thomas H. Smith,* for appellees.

WEAVER, J.—This action was twice tried in the district
court, each trial resulting in a verdict against the validity
of the will.

William McElfresh, the testator, was unmarried.   He
died about September 8, 1915.   He was the owner of 80
acres of land and $2,000 to $3,000 in personal property.   His
only heirs at law are brothers and sisters, between whom
this action is pending.   He left a will, leaving his real estate
to his brother Jesse and his sister Dora.   Of his personal
property, he gave a legacy of $1,000 to his niece, Dora Carl-
ton, and the remainder to Dora McElfresh.

The other heirs attack the validity of the will, alleging
that the testator was mentally incompetent to execute a
valid will; also, that such will had been obtained from him
by undue influence, exercised over him by his brother Jesse

and sister Dora. The verdict against the will upon the first trial seems to have been set aside because of doubt in the mind of the court of the sufficiency of the evidence to support the finding. No appeal was taken from that order. Whether the testimony in the second trial was the same as on the first is not shown.

The issues were tried at the September term, 1916, of the trial court. The verdict having again been rendered for the contestants, judgment was entered thereon on September 29, 1916. Thereafter, on October 23, 1916, the proponents of the will filed a motion for new trial, which was overruled in January, 1917. Appeal was not taken until in May, 1917; and, as the time for the appeal from the judgment had then fully lapsed, the cause will, of necessity, be treated as coming to us on appeal from the ruling on the motion only. The grounds assigned for the motion were as follows:

"1. That said verdict is contrary to and not supported by the evidence.

"2. That said verdict is contrary to and in violation of the law, as given to the jury by the court.

1. APPEAL AND ERROR: reservation of grounds: vague and indefinite objections.

"3. That said verdict is the result of passion and prejudice of the jury.

"4. The court erred in admitting evidence for the contestants over the objections of the proponent to the prejudice of the proponent, to which said proponent duly excepted.

"5. The court erred in sustaining contestants' objections to evidence offered by the proponent to the prejudice of the proponents, to which ruling they duly excepted.

"6. The court erred in so writing and reading his instructions to the jury as to confuse the jury and render it impossible to understand the law of the case; and unable to apply the facts to the law.

"7. The court erred in each and every paragraph of its instructions to the jury.

"8. The pleadings of the contestants did not set forth any cause of action whatsoever, and no petition was filed by them, and mere motion addressed to this court was filed in said cause by contestants, and no cause of action stated therein, and said motions so filed was by the contestants separately."

Each of these eight objections, except, perhaps, the first and third, is of such vague and indefinite character that an exception to the ruling thereon raises no question whatever for the consideration of this court, and we shall, therefore, take no time for their discussion. The first and third objections are identical in effect, in that each excepts to the sufficiency of the evidence produced by the contestants. The appeal, not being taken from the judgment, but from the ruling on the motion, does not, as we have said, bring up for review any alleged error occurring in the trial, save as the exception to the ruling complained of has been carried forward into the motion, as a ground for setting aside the verdict. *Cox v. American Exp. Co.,* 147 Iowa 137; *Mueller Lbr. Co. v. Mc-Caffrey,* 141 Iowa 730. Keeping this limitation in mind, this case, though voluminous in record, is not difficult of disposition.

2. APPEAL AND ERROR : review : scope and extent in general : appeal from ruling on motion for new trial.

The appeal is presented in a manner which is unusual, if not remarkable. The abstract, so called, is, in fact, a full and complete literal transcript of the entire record of the case, including, apparently, every paper filed therein, with their formal captions and the signatures of parties and counsel; also, the testimony of all the witnesses *in extenso,* questions and answers, making up a volume of nearly 700 pages. This is followed by another volume of nearly 300 pages, styled "Brief and Argument." Looking into this

latter document, we find that, with the exception of less than 20 pages, it is composed of a repetition, in somewhat abbreviated form, of the same evidence already set forth in the abstract.

Doubtless, counsel have adopted this plan of making up the printed record with the thought, which is neither improper nor unnatural, that, the more fully and clearly this court can be made to see, not only the matter of the witnesses' testimony, but the manner in which that testimony is elicited, the methods of interrogation, and all the other indicia of intelligence and candor on the one hand, or stupidity and guile on the other, the better we shall be able to reach a fair conclusion, where the sufficiency of evidence to sustain the judgment below is the vital inquiry. But overcaution in this respect is quite sure to result in so burdening the record with immaterial and unnecessary details as to defeat, rather than aid, its intended purpose. We have turned aside to speak of these things, not by way of censure, but to emphasize the thought we have often expressed in our opinions, that, the closer counsel will adhere to the spirit of our rules, and the more careful they are to exclude from the printed record all things unessential, the surer this court will be to get a clear conception of the very question to be decided. Again, it should be borne in mind that, upon appeal in an ordinary action at law, it is not within the province of this court to pass upon the credibility of witnesses, or upon the weight of their testimony; and for that reason, much matter which might be useful, were we trying the case *de novo*, is of no material value.

3. Appeal and error: review: scope and extent in general: credibility and weight of testimony.

Turning now to the one question which seems to be properly before us, the sufficiency of the evidence to sustain the verdict, we shall make no attempt to set out the record.

4. Evidence:
opinion evi-
dence: nonex-
pert witness.

The trial seems to have consumed 11 days of the time of court and jury, and witnesses by the score were sworn and examined; and it is manifestly impracticable to embody the testimony with any reasonable degree of fullness in our opinion. Many of the neighbors and acquaintances of the testator, testifying in behalf of the contestants, expressed the opinion that, at the time the will was made, he was of unsound mind; while perhaps an equal number of other neighbors and acquaintances were of the opposite opinion. Expert witnesses answering hypothetical questions framed by counsel for contestants pronounced him of unsound mind, and other experts, basing their opinion upon the hypothesis submitted by proponents' counsel, were equally clear that he was of sound mind.

If we were to assume that the nonexpert witnesses on either side showed themselves competent to speak upon the subject, and that the hypothetical questions submitted to the experts embody material facts which the testimony fair-ly tends to establish, it would follow, as a matter of course, that the question of the testator's mental soundness was for the jury alone, and that its verdict, whether for proponents or contestants, must stand as final, in the absence of any showing of prejudicial error in other respects.

It is true, we have often held, and still adhere to the proposition, that, as a general rule, to entitle the opinion of a nonexpert witness that a testator was of unsound mind, to any consideration, he must disclose the facts upon which that opinion is based, and that, if the facts so disclosed be not such as to reasonably support the conclusion of un-soundness, his opinion is without value as evidence, and has no tendency to rebut the usual presumption of sanity. Claiming the benefit of this rule, appellants contend that

the facts cited in support of the evidence of
mental unsoundness are wholly insufficient
to sustain that conclusion, and, as a matter
of law, are entirely consistent with the existence of testamentary capacity in the deceased at the date
of his will. We have to confess that a reading of the entire
record affords much support for the objection so made. William McElfresh was unquestionably a person of marked eccentricities of mind and character. In some respects, he
may have been subnormal in mental capacity; but, were the
writer of this opinion a juror, to whom the questions were
submitted upon the testimony produced in the trial, he
would unhesitatingly say that nothing had been shown to
justify a finding that deceased did not fairly comprehend
and understand the nature and extent of his estate, or the
nature and effect of the will he was making. It was doubtless because of this aspect of the case that the court set aside
the verdict returned for the contestants upon the first trial.
The second trial upon the same issues resulted in a like verdict.

5. WILLS: testamentary capacity: evidence.

That the trial court did not direct a verdict for the
proponents, and, upon setting aside the verdict for contestants, ordered a new trial, indicates that it was not fully
satisfied of the lack of merit in the contest, but rather, that
the issue of fact was so extremely doubtful that justice
would more surely be effected by allowing the parties to be
heard anew. The second trial was presided over by another
judge of long experience, and he also was sufficiently impressed with the view that a case had been made for the
jury, to deny proponents' motion for a directed verdict, and
to deny their further motion for a new trial after verdict
had been returned.

Upon such a record, we think this court is not justified
in disturbing the verdict and judgment below, on the ground
of insufficiency of the evidence. There was evidence con-

cerning the testator's mental condition and characteristics, upon which different impartial minds might well reach different conclusions; and even though we, as an original proposition, might hold it insufficient to sustain a verdict of mental incompetence, yet, when it appears that the trial court has twice held it sufficient to take the question to the jury, and two successive juries have found for the contestants therein, it would savor of an abuse of our appellate discretion to send the issue back for a third trial. Such is the rule established by our own repeated decisions, a rule which is also recognized very generally by the courts of other states. See *Grimmelman v. Union Pac. R. Co.*, 101 Iowa 74, 83; *Hollenbeck v. City of Marshalltown*, 62 Iowa 21; *Slocum, B. & H. v. Knosby*, 80 Iowa 368; *Penn v. McLaughlin*, 36 Iowa 538; *Burlington Gas L. Co. v. Greene T. & Co.*, 28 Iowa 289; *Porter v. Madrid St. Bank*, 155 Iowa 617, 619; *Brown v. Paterson Parchment Co.*, 69 N. J. L. 474 (55 Atl. 87); *Van Doren v. Wright*, 65 Minn. 80; *Fowler v. Etna Fire Ins. Co.*, 7 Wend. (N. Y.) 270; *Joyce v. Charlestown Ice Mfg. Co.*, 50 Fed. 371; *Hazzard v. Mayor, etc., of Savannah*, 77 Ga. 54. There should be an end somewhere to the litigation of any disputed fact; and, when it has been twice tried, with the same result, it is a sound policy which holds the finding conclusive, unless it be so clearly and flagrantly against any and every reasonable interpretation of the evidence as to manifest a clear case of abuse of discretion in the trial court in refusing to set the verdict aside.

While, as we have before said, the appeal from the denial of a motion for new trial does not necessarily present for our consideration all of the assigned errors which could have been reviewed upon an appeal from the judgment, we have, nevertheless, examined the record as a whole, and have to say that the sufficiency of the evidence presents the one debatable proposition, and that none of the other assignments of error is such as, in any event, would require a re-

versal of the judgment. There are various rulings upon the admission of testimony which might well have been otherwise, but none is of such erroneous or prejudicial character as to vitiate the verdict.

The judgment and the ruling of the trial court denying the motion for new trial are, therefore, to be affirmed. This conclusion renders unnecessary any consideration of the appellees' motion for taxation of costs.

6. WILLS: probate, establishment, and annulment: duty of executor: assessment of costs.

Such taxation to the proponents of the costs made in this court will follow as a matter of course. The trial court taxed the costs below to the estate of the testator, and from this order the contestants have appealed. It was the duty of the executor of the will to file it for probate, and to make all reasonable effort to sustain its validity, when assailed by the contestants. We must assume that the defense of the will was made in

7. WILLS: probate, establishment and annulment: costs: discretion of court.

good faith, and, even though the defense failed, the proponents should not be penalized by the assessment of the costs so accruing. The trial court has certain discretion, also, in determining whether the costs were properly incurred, and there is nothing here to indicate that such discretion was abused. See *Meeker v. Meeker,* 74 Iowa 352. The taxation of costs appealed from will also be approved.—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.