PRESTON, C. J., EVANS and FAVILLE, JJ., concur.

---

ELLA VAN DONSELAAR et al., Appellants, v. NORRIS H. JONES et al., Appellees.

**DISMISSAL AND NONSUIT:** Involuntary—Jurisdiction Acquired by Trickery. The court will summarily dismiss an action when, in the course of the trial, it is made to appear that the plaintiff, in order

to obtain jurisdiction over defendant's property, induced, *by trickery and deceit*, the bringing of said property into the state; and it will avail the plaintiff nothing that defendant, while ignorant of the trickery practiced upon him, entered a general appearance in the action against his property.

*Appeal from Woodbury District Court.*—C. C. Hamilton, Judge.

February 13, 1923.

. Rehearing Denied May 18, 1923.

Action for damages for fraudulent representations in the sale of real estate. At the close of plaintiffs' evidence, and upon the motion of the defendants, the trial court abated the action for want of jurisdiction, on the ground that the plaintiffs had obtained apparent jurisdiction of the defendants only by resort to deceit and trickery. Judgment was entered against the plaintiffs for costs, and they appeal.—*Affirmed.*

*Henderson, Fribourg & Hatfield* and *D. Van Donselaar,* for appellants.

*Leslie J. Lyons, F. W. Hanna, E. E. Wagner,* and *Robert B. Pike,* for appellees.

Evans, J.—In March, 1919, the plaintiffs purchased of the defendants 480 acres of land in Lyman County, South Dakota. For nearly two years thereafter, both plaintiffs and defendants continued as residents of that county. Shortly before the beginning of this action, the defendants had become residents of the state of Ohio. About the same time, the plaintiffs claimed to have discovered that the land purchased by them was impregnated with alkali, from which cause great injury had been suffered by them by reason of its effect upon stock kept upon the farm. For the purpose of obtaining jurisdiction over the defendants or over their property outside of the state of Ohio, a ruse was resorted to by the plaintiffs, and participated in by a brother and sister residing in Sioux City, Iowa. The defendants held a second mortgage of $6,100 against the plaintiffs. This

was past due, and the plaintiffs were unable to pay. A Mrs. Resner of Sioux City wrote a letter to the defendants, offering to buy the mortgage and making an offer therefor. The real purpose of that offer was to get the defendants to send the mortgage to one of the banks at Sioux City, where the proceeds of the purchase could be paid, and could thereafter be attached in this suit by the plaintiffs. The defendants accepted the offer, and sent on their mortgage. Mrs. Resner was a sister of the plaintiffs'. At the appointed time, she and her brother and plaintiffs' attorney (not appearing herein) and the sheriff appeared at the bank, and simultaneously paid the money and received the mortgage and levied an attachment by garnishment of the bank. In this manner, jurisdiction was acquired over defendants' property. Thereafter, notice was served upon the defendants in the state of Ohio. They appeared in defense of their property, without knowledge, as contended, of the deceit that had been practiced upon them in obtaining jurisdiction. The facts pertaining to the deceit were disclosed upon the trial by the examination of one of the plaintiffs as a witness. That the defendants were deceived by the ruse, and that they would not have sent the mortgage out of their own jurisdiction for the purpose of a sale thereof if they had not been deceived, is not difficult of belief.

It is well settled that the courts will not tolerate resort to trickery or deceit for the purpose of obtaining jurisdiction over the person or property of a defendant who would not otherwise be subject to that jurisdiction. Our cases to that effect are cited in *Crandall v. Trowbridge,* 170 Iowa 155, 156, though the finding in the *Crandall* case was adverse to the defendant upon the facts. There is no serious dispute between counsel as to the holding of the cases, and we need not, therefore, review them.

The real points urged by the appellants as grounds of reversal are: (1) That the defendants did not raise the question of jurisdiction by special appearance, and are, therefore, bound by their general appearance; (2) that the defendants did not show a want of knowledge of the alleged deceit, prior to the entering of their appearance, and that they thereby waived the fraud, if any; (3) that the defendants did not move promptly

after the disclosures of the trial, and they thereby waived the fraud, if any.

The record before us is unsatisfactory in form for the purpose of a review. The parties appear by mutual consent to have done more or less of their pleading orally and to have had the same preserved by the reporter. The motion to abate, which was sustained by the trial court, was partly oral and partly in writing. Preceding the motion, there was a substituted answer filed, which purported to recite the facts disclosed by the evidence of the plaintiffs. With this substituted answer the motion was filed. The motion incorporated the recitals of the substituted answer. Whether or not the recitals of the motion were verified is not disclosed by the record. The same is true of the allegations of the substituted answer, as well as of all the other pleadings. No objection appears to have been urged at the trial, either to the answer or to the motion, as lacking in verification. Inasmuch as the petition, under the requirements of the statute, was necessarily verified, for the purpose of obtaining an attachment, we will presume, in the silence of the record, that the subsequent pleadings were likewise verified. The facts constituting the ruse or deceit practiced by the plaintiffs appeared in the sworn testimony of one of the plaintiffs. The fact that the defendants were deceived thereby, and that they had no knowledge of the ruse prior to the disclosure of the trial, appeared in the recitals of the motion. The recitals of the motion were not contested in the trial court by any counter affidavit or by any objection to the form of the recitals; nor was the question of waiver presented, either by pleading or otherwise.

Upon this state of the record, we would not be justified in ignoring the evidence as it was presented below, without objection. In the absence of knowledge by the defendants that jurisdiction over their property had been obtained by means of deceit, they were not concluded by their failure to enter a special appearance in lieu of a general appearance. Their motion was filed at the close of plaintiffs' evidence, though it is true that a Sunday intervened after the close of the evidence and before the filing of the motion.

We reach the conclusion that the evidence before the trial court was sufficient to sustain its order of dismissal. The pro-

ceeding is reviewable here on error only, and is not triable *de novo*. The judgment below is, accordingly,—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.