NORRIS H. JONES et al., Appellants, v. ELLA VAN DONSELAAR et al., Appellees.

**NEW TRIAL:** Discretion of Court—Excessive Exemplary Damages.
1  The discretion of the court to grant new trials extends to the *successive* granting of new trials for the *successive* rendition of verdicts for excessive exemplary damages.

**ATTACHMENT:** Wrongful Attachment—Action on Bond—No Cause
2  of Action. Principle recognized that, when the attachment is secured on the admittedly truthful ground of the defendant's nonresidence, the defendant must, in an action on the bond, show (1) that plaintiff had no cause of action, and (2) that plaintiff had no reasonable cause to believe that the allegations of his petition were true.

**Headnote 1:** 29 Cyc. p. 729. **Headnote 2:** 6 C. J. p. 523; 38 C. J. p. 476.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

## JUNE 25, 1925.

ACTION upon an attachment bond, to recover damages for the alleged wrongful and malicious suing out of a writ of attachment. A verdict returned by the jury in plaintiffs' favor was set aside by the court upon a motion for a new trial, and they appeal.—*Affirmed.*

*Forest W. Hanna, Edward E. Wagner,* and *Robert B. Pike,* for appellants.

*Jepson, Struble, Anderson & Sifford,* for Maryland Casualty Company, appellee.

STEVENS, J.—This is an action upon an attachment bond, to recover actual and punitive damages for the wrongful and malicious suing out and levying of a writ of attachment. Plain-

1. NEW TRIAL: discretion of court: excessive exemplary damages.

tiffs and the Van Donselaars are nonresidents of this state. The bond was executed by the Maryland Casualty Company as surety at Sioux City, Iowa. The original notice was served upon it alone, and the Van Donselaars are not parties to this appeal.

On March 15, 1921, the Van Donselaars instituted an action in the district court of Woodbury County against appellants, claiming damages in the sum of $10,000 on account of false and fraudulent representations alleged to have been made in the sale of a certain tract of land situated in Lyman County, South Dakota. Jurisdiction was obtained in that action by the attachment of a sum of money belonging to the Joneses, in the possession of a bank in Sioux City. Issues were joined in the original action, and a trial commenced. At the close of the plaintiffs' testimony, and upon the motion of the defendants, the trial court abated the action for want of jurisdiction, on the ground that the defendants were induced by the fraud and trickery of the plaintiffs to send their property into this state. Plaintiffs appealed from this ruling by the trial court, but it was affirmed. See *Van Donselaar v. Jones,* 195 Iowa 1081, where the facts are fully stated. Thereupon the defendants in that action, appellants herein, instituted suit upon the attachment bond, to recover damages. A trial resulted in a verdict in

their favor against the surety company for $8,504.96. Upon motion of the defendant, appellee herein, this verdict was set aside, and a new trial granted. A second trial was had, which resulted in another verdict for the plaintiffs,—this time in the sum of $9,924.60. This verdict was also set aside, upon the motion of the defendant for a new trial. Hence this appeal.

The ground upon which the motion for a new trial was sustained in both instances was the passion and prejudice of the jury. The court, upon the latter trial, in sustaining the motion, specifically overruled all other grounds stated therein, with the result that both parties have appealed. The appeal of plaintiffs having been first taken, we shall denominate them the appellants.

There is no substantial difference in the views of counsel as to the law of the case. It is conceded that the ground stated in the petition for an attachment, which was that the defend-

2. ATTACHMENT: wrongful attachment: action on bond: no cause of action.

ants therein were nonresidents of the state of Iowa, is true. It was, therefore, necessary for appellants to allege and prove that the plaintiffs in the attachment suit had neither cause of action against them nor reasonable cause to believe that the allegations of their petition were true. Counsel for appellants charge error in the court's ruling sustaining the motion for a new trial, upon the ground that the court in so ruling abused its discretion. On the other hand, counsel for appellee maintain that the verdict was so clearly the result of passion and prejudice on the part of the jury·that it was the duty of the court to set aside the verdict and to grant a new trial; and set forth, as a further ground, that appellants offered no testimony to sustain the allegations·of their petition that the attachment was willfully and maliciously sued out, and without probable cause.

The jury, in answer to special interrogatories submitted by the court, found actual damages in the sum of $3,409.56 and exemplary damages in the sum of $6,515.04. The actual damages allowed were itemized in appellants' petition, and consisted of $572 interest on the money attached, $2,150 attorney fees expended in securing the abatement of the attachment, and other expenses incurred in the progress of the litigation. The

method by which the jury arrived at the sum allowed as exemplary damages is not disclosed. The amount for which judgment was asked in the petition was $10,000. There is, of course, no precise standard by which exemplary damages can be measured, and it would not be an easy matter to determine how the jury arrived at its conclusion on this subject. The actual damages sustained by appellants on account of the attachment, aside from the necessary expenses incurred in the litigation, were small. The court below was of the opinion that the amount awarded as exemplary damages was too large, and that the jury was influenced by passion and prejudice. Excerpts from the argument of counsel for appellant to the jury are set out in the record. Objection thereto was properly sustained by the court, who promptly instructed the jury to disregard the remarks of counsel. Ordinarily, the caution of the trial judge would be sufficient to remove the prejudice; but it is not improbable that this incident received some consideration from the court at the time of ruling on the motion. The fact that two verdicts have been returned for appellants upon substantially the same testimony is strongly urged by counsel in support of their contention that the court, in sustaining the motion for a new trial, abused its discretion. In this connection, our attention is called to a recent decision by this court, *McElfresh v. McElfresh,* 186 Iowa 994, in which we held that weight should be given to the fact that two verdicts had been returned in favor of the same party, the court holding in each instance that the evidence was sufficient to sustain the same. We held that it would savor of an abuse of discretion on the part of this court to hold that the trial court should have sustained the motion for a new trial because of the insufficiency of the evidence. The distinction, if any is to be made, between the *McElfresh* case and the case at bar, is that the rule in the former case was in favor of the discretion of the trial court. The rule established by the decisions of this court is that the order of the trial court granting a new trial will not be interfered with on appeal unless a clear abuse of discretion is shown. *Copeland v. Junkin,* 198 Iowa 530; *Sheridan Bros. v. Dealy,* 198 Iowa 877; *Cain v. Osler,* 168 Iowa 59; *Wildeboer v. Petersen,* 182 Iowa 1185. *Frink v. Commercial Bank of Emmetsburg,* 195 Iowa 1011, is

also relied upon by appellants to sustain their contention. There is nothing in the holding in the *Frink* case which in any way distinguishes it from the other cases cited. We there held that the trial court is vested with no discretion in granting a new trial on a record *affirmatively* demonstrating that no recovery could be had upon any theory or in any proceeding. The rule has been so often stated and applied that further discussion of the law is unnecessary. That the trial court should not undertake to substitute its judgment for that of the jury is, of course, true. Furthermore, courts should be reluctant to in any way invade the province of the triers of the facts. The trials below were before different judges, both of whom sustained motions for a new trial upon the same ground. We are reluctant to interfere with the ruling complained of. We cannot say that the court clearly abused its discretion. Having arrived at this conclusion, we do not deem it necessary to consider the questions raised by appellee on its appeal. They may not arise upon a retrial. It follows that the order of the court below is— *Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.